In the Matter of the Application for a Peremptory Mandamus
to JAMES H. MANNING, Mayor, etc.

This court will not entertain appeals where it is plain nothing can be
accomplished by its decision.

Upon appeal from an order of General Term made in September, 1892,
which reversed an order of Special Term, granting a writ of mandamus
requiring the mayor of the city of Albany to publish the lists of inspect-
ors of election and poll clerks appointed by the board of election com-
missioners for local elections to be held in that city in April, 1893, as
required by the city charter (§ 15, chap. 242, Laws of 1887, as amended
by § 2, chap. 171, Laws of 1892), held, that as, under the charter, the
power of persons so appointed to perform any official duties expired
immediately after the election was held for which the appointment was
made, any decision on the appeal could have no practical effect. The
appeal, therefore, dismissed.

(Argued October 2, 1893 ; decided October 10, 1893.)

APPEAL from order of the General Term of the Supreme
Court in the third judicial department, made at the Septem-

ber term, 1893, which reversed an order of Special Term directing a peremptory mandamus to issue to James H. Manning, mayor of the city of Albany, commanding him to publish, as required by law, the list of inspectors chosen by the board of election commissioners, created by the act of 1892 (Chap. 171).

The facts, so far as material, are stated in the opinion.

*Andrew Hamilton* for appellant.

*John A. Delehanty* for respondent. The writ of mandamus having no office to perform, when there is no legal right that can be enforced or protected by it, an appeal from the order of General Term reversing the order of Special Term granting a mandamus brings up nothing for review, or upon which a judgment can be enforcible by execution, and, therefore, the appeal should be dismissed. (*People ex rel.* v. *Phillips*, 67 N. Y. 582; *People ex rel.* v. *Walter*, 68 id. 408; Merrill on Mandamus, §§ 75, 77, 78.)

O'BRIEN, J. In this proceeding the Special Term made an order on the 6th of March, 1893, granting a peremptory writ of mandamus commanding James H. Manning, mayor of Albany, forthwith to cause to be published, as required by section fifteen of chapter 171 of the Laws of 1892, in the official city papers, the lists of Democratic inspectors of election and poll clerks appointed by the board of election commissioners of the city upon the resolution of Charles H. Armatage, the petitioner, and chairman of the board, to serve at a local election to be held in said city April 11, 1893, and for which registration of voters was to be made March 11, 1893. The mayor appealed from the order granting the writ, and the General Term reversed it in September, 1893, and the petitioner has appealed to this court.

The statute requires that inspectors and poll clerks shall be appointed at each election. Their power to perform any official duties expires after the election for which the appointment is made has been held. Any decision, therefore, which

we can make on this appeal can have no practical effect. If, for instance, we should reverse the order of the General Term and affirm that of the Special Term, as we are asked to do by the appellant, the latter order could not be enforced as the election has been held and the time and occasion for the inspectors to act has long since passed.

The appeal does not now present an actual litigation but an abstract question. The practice of this court has been to refuse to entertain appeals when it is plain that nothing can be accomplished by the decision. The inspectors and clerks selected for the election of April last cannot be appointed. There is no office to fill, and there are no duties for them to perform. To require now that their names be published would be to do a vain thing, and this court has uniformly dismissed the appeal when, from lapse of time, no decision could be made that would have any practical effect upon the controversy or the parties. It is said that the same question must arise in the appointment of inspectors and clerks to serve at the general election to be held in the state in November next. We have no judicial knowledge that the peculiar conditions which produced this controversy still exist, and even if we had it would scarcely be proper to construe the statute for the appointment of these officers in advance of any action of the appointing power. If the spirit of the statute was not carried out, either in the selection of the inspectors or the publication of their names in the present case, we cannot assume that the same course will be pursued by both parties again. The demands of actual practical litigation are too pressing to permit the examination or discussion of academic questions, such as this case in its present situation presents. (*People ex rel., etc.*, v. *Phillips*, 67 N. Y. 582; *People ex rel., etc.*, v. *Walter*, 68 id. 408; *People ex rel., etc.*, v. *Common Council of Troy*, 82 id. 575; *Bryant* v. *Thompson*, 128 id. 426; Merrill on Mandamus, §§ 75, 77, 78.)

The appeal should, therefore, be dismissed.

All concur.

Appeal dismissed.