[No. 2089.  Decided December 11, 1896.]

SAMUEL HICE, *Appellant*, v. EDWARD S. ORR, *Mayor of the City of Tacoma, Respondent.*

### DISMISSAL OF APPEAL — CESSATION OF CONTROVERSY.

Where pending an appeal the controversy between the parties, or the rights involved in the action, has ceased to exist, the appeal will be dismissed upon a showing thereof, either by the record or by the evidence outside of it, upon the ground that there is no subject matter upon which the judgment of the court could operate.

Appeal from Superior Court, Pierce County.—Hon. JOHN C. STALLCUP, Judge.   Appeal dismissed.

*Stiles, Stevens & Tillinghast,* for appellant.
*Stacy W. Gibbs,* and *Ben Sheeks,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—By a provision of the charter of the city of Tacoma, the city attorney is appointed by the mayor and confirmed by the city council.   On two separate occasions the mayor of said city appointed by nomination one James Wickersham for the office of city attorney, but each time the council refused to confirm such appointment.   For more than a month after the last presentation of the appointment of Mr. Wickersham to the city council, the mayor failed to make another nomination to that office; and thereupon the appellant obtained an alternative writ of mandate from the superior court of Pierce county commanding the respondent, as mayor of said city, from time to time at the regular sessions of the city council, to appoint by nomination some qualified person to hold said office of city attorney until such appointment should be confirmed, or to show cause why he had not done so.

On the return day, a demurrer to the writ was sustained, and, the plaintiff electing to stand upon the sufficiency of the writ, a judgment was entered dismissing the proceedings, and the plaintiff appealed.

When the cause came on for hearing in this court it was made to appear by the affidavit of the city clerk and a certified copy of the proceedings of the city council, that after the appeal was perfected and briefs filed heren, the said James Wickersham had been appointed city attorney by the respondent, and that said appointment had been confirmed by the city council, and that said appointee was then holding the office. Upon this state of facts respondent moved to dismiss this appeal for the alleged reason that there was no longer any actual controversy involving any substantial rights between the parties to the record, and no subject matter upon which the judgment of this court could operate.

As the object of the proceeding has been fully accomplished, there is no longer any controversy to be determined, and the motion must therefore be granted. The fact that there is no controversy between the parties to an action, or that a right involved in an action has ceased to exist, may be shown at any time before the case is decided. *Little v. Bowers*, 134 U. S. 547 (10 Sup. Ct. 620). And such fact may be shown either by the record or by evidence outside of it. 2 Enc. Pl. & Pr., p. 344. See, also, *Washington Market Co. v. District of Columbia*, 137 U. S. 62 (11 Sup. Ct. 4).

The appeal is dismissed.

HOYT, C. J., and SCOTT and GORDON, JJ., concur.

DUNBAR, J.—This case simply involves a question of costs which has been ignored by the majority opinion. If the appellant was entitled to costs, if the

litigation had been determined before the object of the proceeding had been accomplished, he is entitled to them now. I concur so far as the dismissal is concerned, but not in the judgment for costs which follows.