[No. 5006.     Decided April 4, 1904.]

PETER HOLPPA, *Appellant*, v. CITY COUNCIL OF THE CITY OF ABERDEEN *et al., Respondents.*[1]

APPEAL — DISMISSAL — CESSATION OF CONTROVERSY — EXPIRATION OF LIQUOR LICENSE PRIOR TO HEARING.  An appeal from an order dismissing a writ of certiorari to review the action of a city council in revoking a liquor license will be dismissed where, prior to the hearing, the license has expired by lapse of time, since there is no longer any controversy.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered June 15, 1903, dismissing a writ of certiorari to the city council, after a hearing before the court without a jury. Dismissed.

[1]Reported in 76 Pac. 79.

*J. C. Cross,* for appellant.

*E. H. Fox,* for respondent.

MOUNT, J.—Appeal from a judgment of the superior court of Chehalis county, denying relief upon return to a writ of review. The city of Aberdeen granted to appellant a retail liquor license in said city, for the year commencing July 2, 1902, and ending July 2, 1903. On the 1st day of April, 1903, an order was issued by the city council of said city, directing appellant to show cause on the 8th why his license should not be revoked. On the 8th, the appellant "not being ready for trial," the hearing was postponed by the city council for one week. On the 15th day of April, 1903, the appellant appeared by his attorney and confessed that the city council had authority to revoke his said license, which was accordingly done, and a rebate warrant was ordered drawn for the unexpired time of the license. Subsequently appellant made two unsuccessful efforts to have the city council reinstate his license. Thereupon he filed a petition in the superior court of Chehalis county for a writ to review the order of the city council revoking his said liquor license, alleging, among other things, that the city council revoked said license without authority and without cause. The writ was issued and a return was made thereto. Upon a hearing, on June 15, 1903, the court dismissed the writ.

Under the facts stated, it is clear that the appellant consented to the revocation of his license, and is therefore entitled to no relief upon the merits. But it will be noticed that the license expired on July 2, 1903. After that date appellant had no beneficial interest in the litigation, the controversy ceased, and there is now no live question before this court. Under the rule in *State ex rel. Cawley v. Bremerton,* 32 Wash. 508, 73 Pac. 477; *Hice v. Orr,* 16

Wash. 163, 47 Pac. 424; and *State ex rel. Daniels v. Prosser,* 16 Wash. 608, 48 Pac. 262, and many other cases, this appeal must be dismissed.

FULLERTON, C. J., and HADLEY, ANDERS, and DUNBAR, JJ., concur.