[No. 7218.   Decided May 25, 1908.]

GORDON MACKAY, *Appellant,* v. J. R. DEVER, *Respondent.*[1]

APPEAL—DISMISSAL—CESSATION OF CONTROVERSY.  An appeal from a judgment dismissing an action to enjoin the holding of a primary election will be dismissed because of cessation of controversy, where, before the hearing of the appeal, the time for holding the election has expired, and the election has been held or never can be held.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered October 29, 1907, dismissing an action to enjoin a city clerk from incurring expense at a primary election, after a trial on the merits before the court. Appeal dismissed.

*Gordon Mackay, pro se.*

*George R. Bigelow* and *William W. Manier* (*The Attorney General* and *I. B. Knickerbocker, Assistant,* of counsel), for respondent.

RUDKIN, J.—This action was instituted by the plaintiff, as a taxpayer of the city of Olympia, to restrain the city clerk from incurring expense at a primary election to be held on the 19th day of November, 1907, under the act of March 15, 1907, entitled: "An act relating to, regulating and providing for the nomination of candidates for public office in the state of Washington and providing penalties for the violation thereof, and declaring an emergency" (Laws 1907, p: 457), for the reason that said act is unconstitutional and void.  From a judgment denying a temporary injunction and dismissing the action, the present appeal is prosecuted.

The election against which the injunction is sought has already been held, or can never be held; the expense of the election has been incurred, or will not be incurred, and this court cannot restrain or undo what has already been done.  To all

[1]Reported in 95 Pac. 860.

intents and purposes there has been a cessation of the controversy. No effectual judgment can be rendered, and under such circumstances it has been the uniform practice of this court to dismiss the appeal. *State ex rel. Coiner v. Wickersham*, 16 Wash. 161, 47 Pac. 421; *Hice v. Orr*, 16 Wash. 163, 47 Pac. 424; *State ex rel. Daniels v. Prosser*, 16 Wash. 608, 48 Pac. 262; *State ex rel. Land v. Christopher*, 32 Wash. 59, 72 Pac. 709; *Holppa v. Aberdeen*, 34 Wash. 554, 76 Pac. 79. See, also, *People v. Clark*, 70 N. Y. 518; *In re Manning*, 139 N. Y. 446, 34 N. E. 931; *Mills v. Green*, 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293.

In *People v. Clark, supra*, the court said:

"This action was commenced to restrain certain persons from proceeding to incorporate the village of North Tarrytown under the general act of the legislature authorizing the incorporation of villages. The persons made defendants are those who signed the notice required, and the officers of the town who would be inspectors of the election. A temporary injunction was obtained, which was dissolved, and the election was held, and a majority of votes determined in favor of the incorporation, and the proceedings for such incorporation have been perfected, village officers chosen, and the corporation is in operation. By a supplemental complaint these facts were set up, and judgment demanded that all these acts be declared null and void. The grounds of the action are that the statute was not complied with, and that the statute itself is unconstitutional. We do not deem it necessary to determine whether the action is maintainable as originally commenced. As it appeared upon the trial, and is presented to us upon appeal, no effectual judgment can be rendered in it. The acts sought to be restrained have been consummated, and from a project to incorporate a village, the village has become incorporated. The defendants are not necessary or proper parties to the action upon the facts disclosed at the trial. The village itself, or the trustees who are now exercising the franchise, are the necessary parties to the action, and an injunction restraining the defendants would have no practical effect upon the corporation. We do not deem it proper, therefore, to express an opinion upon the points presented, involving the validity of the statute or the regularity of the

proceedings under it, for the reason that a decision could not be made effectual by a judgment."

So in this case; if the election has been held and the expense incurred, the respondent is not a necessary or proper party to the action, and no effectual judgment can be rendered.

In *In re Manning, supra,* the court said:

"The appeal does not now present an actual litigation but an abstract question. The practice of this court has been to refuse to entertain appeals when it is plain that nothing can be accomplished by the decision. The inspectors and clerks selected for the election of April last cannot be appointed. There is no office to fill, and there are no duties for them to perform. To require now that their names be published would be to do a vain thing, and this court has uniformly dismissed the appeal when, from lapse of time, no decision could be made that would have any practical effect upon the controversy or the parties. It is said that the same question must arise in the appointment of inspectors and clerks to serve at the general election to be held in the state in November next. We have no judicial knowledge that the peculiar conditions which produced this controversy still exist, and even if we had it would scarcely be proper to construe the statute for the appointment of these officers in advance of any action of the appointing power. If the spirit of the statute was not carried out, either in the selection of the inspectors or the publication of their names in the present case, we cannot assume that the same course will be pursued by both parties again. The demands of actual practical litigation are too pressing to permit the examination or discussion of academic questions, such as this case in its present situation presents."

In *Mills v. Green, supra,* the court said:

"In the case at bar, the whole object of the bill was to secure a right to vote at the election, to be held, as the bill alleged, on the third Tuesday of August, 1895, of delegates to the constitutional convention of South Carolina. Before this appeal was taken by the plaintiff from the decree of the circuit court of appeals dismissing his bill, that date had

passed; and, before the entry of the appeal in this court, the convention had assembled, pursuant to the statute of South Carolina of 1894, by which the convention had been called. 21 Statutes of South Carolina, pp. 802, 803. The election of the delegates and the assembling of the convention are public matters, to be taken notice of by the court, without formal plea or proof. The lower courts of the United States, and this court, on appeal from their decisions, take judicial notice of the constitution and public laws of each state of the Union. . . . Taking judicial notice of the constitution and laws of the state, this court must take judicial notice of the days of public general elections of members of the legislature, or of a convention to revise the fundamental law of the state, as well as of the times of the commencement of the sitting of those bodies, and of the dates when their acts take effect. . . . It is obvious, therefore, that, even if the bill could properly be held to present a case within the jurisdiction of the circuit court, no relief within the scope of the bill could now be granted."

It has been suggested that the question is a recurring one and will arise again, but in the language of the court of appeals of New York: "The demands of actual practical litigation are too pressing to permit the examination or discussion of academic questions, such as this case in its present situation presents."

The appeal must therefore be dismissed, and it is so ordered.

HADLEY, C. J., ROOT, FULLERTON, MOUNT, CROW, and DUNBAR, JJ., concur.