[No. 8106. Department One. December 11, 1909.]

RASMUS KONNERUP, *Respondent*, v. Z. T. ALLEN *et al.*,
*Appellants.*[1]

APPEAL—DISMISSAL—CESSATION OF CONTROVERSY—ELECTION OF REMEDIES—SALES—BREACH OF WARRANTY. The vendees of shingle bolts, having elected to repudiate the contract and hold the bolts subject to the vendor's order, for alleged breach of warranty, cannot, after adverse judgment against them for the price and appeal to the supreme court, cut up the bolts into shingles and preserve their rights in the action; and the appeal will be dismissed because the subject-matter of the action has ceased to exist.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered November 7, 1908, upon findings in favor of the plaintiff, after a trial on the merits.

[1]Reported in 105 Pac. 639.

before the court without a jury, in an action on contract.
Appeal dismissed.

S. J. White and E. C. Dailey, for appellants.

Thos. A. Stiger and Jos. Coleman, for respondent.

CHADWICK, J.—This action was originally brought to re-
cover the value of certain shingle bolts sold by respondent to
appellants. The case went to trial upon the complaint and
answer, in which appellants set up the statute of frauds, the
failure of respondent to fulfill his contract in that he had
substituted bolts of an inferior quality, that there had been
no acceptance, and that the bolts were held subject to the
order of respondent. It was further alleged that appellants
had been damaged in the sum of $90 on account of moneys
paid for towing the bolts from Triangle Bay to appellants'
mill at Edmonds, two dollars a day for the use of the cribs,
and $160 lost profits. For the towage and use of the cribs
they claimed a lien on the bolts. A trial resulted in a judg-
ment for respondent.

The trial court found that the bolts were in fact merchant-
able, and had been inspected and received by appellants. Pend-
ing this appeal, as it now appears, appellants have cut the
bolts into shingles, and we are confronted by a motion to dis-
miss the appeal and for an affirmance of the judgment, be-
cause the subject-matter of the litigation has ceased to exist.
In opposition to this showing, one of the appellants makes
affidavit:

"That at the time of the rendition of the judgment in the
trial court in said action, the shingle bolts mentioned and
described in the affidavit in support of said motion of respond-
ent, were lying and being on the cribs of appellants; that ap-
pellants had theretofore demanded of respondent that he re-
move said shingle bolts from said crib, and respondent refused
and failed to do so; that said cribs cost appellants about
$300, and were fast being destroyed by the action of teredos;
that appellants were greatly in need of the use of said cribs
for use in the business for which they were built; that appel-

lants did not wish to wantonly destroy the property of respondent, and there was nothing else for appellants to do but to cut said shingle bolts into shingles, and in doing so, has kept an accurate account of the number of shingles cut therefrom, which number was about 60 per cent of number usually cut from reasonably good bolts; that appellants did not cut such shingle bolts as an acceptance of the same under a contract of any kind or description; but simply to get the use of said cribs, and at the same time to prevent the wanton destruction of said shingle bolts by throwing them into the waters of Puget Sound; that appellants have never accepted said shingle bolts as a compliance with any contract, or the fulfillment of a contract, nor have they paid the judgment appealed from or settled the controversy."

It is clear to us that the response of appellant not only does not meet the showing made by respondent, but makes it imperative that we make an end of this litigation. If the affidavit is taken at its full worth, it meets no issue which we are at liberty to decide or settle in this case. When sued appellants might have accepted the bolts, and recouped against the purchase price such damages as they had sustained by reason of the breach of warranty as to quality; or they might have repudiated the transaction entirely. Benjamin, Sales (7th ed.), 894 *et seq.* They chose the latter remedy. Manifestly it is not within the power of this court to try a new issue, nor is it in the power of the appellants to switch their case on appeal. We cannot assume the functions of a trial court and try an issue which, had it been tendered in the court below, would have required testimony to sustain it, and if supported carried a different measure of damage. Having elected to hold the shingle bolts subject to the order of respondent, appellants could not thereafter cut them into shingles and preserve their rights in the present case. They cannot by thus making return of a loss of forty per cent in cutting overcome the finding of the lower court that the bolts were all merchantable. Appellants had alleged the bolts to be the property of respondents. They cannot now

be heard to maintain a defense which can be based only upon title in themselves.

We are bound by the record and the transcript, and can only sustain or reverse the case made therein. The affidavit of appellant, notwithstanding their disclaimer showing that the defense heretofore relied upon has been forsaken, we must hold that this case falls within that line of cases establishing the rule that a court will not decide a case where the subject-matter of the appeal has ceased to exist. *Mackay v. Dever*, 49 Wash. 439, 95 Pac. 860; *Kelso v. American Inv. & Imp. Co.*, 48 Wash. 5, 92 Pac. 673.

The appeal is dismissed.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.