[No. 17073.    Department One.    October 18, 1922.]

PACIFIC SAVINGS & LOAN ASSOCIATION, *formerly Pacific Building & Loan Association, Appellant,* v. EDMUND SMITH *et al., Respondents.*[1]

APPEAL (102)—RIGHT TO APPEAL—ESTOPPEL—CESSATION OF CONTROVERSY—LAPSE OF TIME. An appeal from an order denying a writ of assistance to obtain possession, during the period of redemption, of premises sold under mortgage foreclosure and claimed as a homestead, will be dismissed where the time for redemption expired before the appeal could be decided.

Appeal from a judgment of the superior court for King county, Brinker, J., entered August 17, 1921, denying a petition for a writ for the possession of mortgaged premises during the period of redemption. Appeal dismissed.

*Warren Hardy,* for appellant.

*Rummens & Griffin,* for respondents.

PER CURIAM.—Respondents Smith and wife gave appellant their mortgage on a house and lot in Seattle

[1]Reported in 209 Pac. 1086; 212 Pac. 582.

to secure a loan of money. This mortgage contained a clause which provided that,

"In case of foreclosure, the mortgagors hereby expressly waive any claim of homestead and all right to possession of the premises during the period allowed by law for redemption."

Later this property was sold to the respondents Keith and wife, the instrument of conveyance containing the following clause,

"Subject to all taxes. Also subject to a mortgage to the Pacific Building & Loan Association (being the appellant), each of which grantee assumes and agrees to pay."

Later the appellant instituted suit to foreclose its mortgage. It obtained a judgment against all the respondents. After decree was entered, but before sale thereunder, Keith and wife claimed the mortgaged property as a homestead. At that time they were, and prior thereto they had been, actually using the property as a home. At the sale, the appellant became the purchaser and demanded possession of the property during the year of redemption. Keith and wife refused to surrender possession. Appellant presented to the trial court a petition for a writ of possession. This the court denied.

The sole question involved is, who, under these facts, was entitled to possession during the year of redemption.

Respondents claim under Rem. Comp. Stat., § 602, which provides that the purchaser is entitled to such possession except "in case of any homestead occupied for that purpose at the time of sale, the judgment debtor shall have the right to retain possession thereof during the period of redemption, without accounting for the issues or value of occupation." Appellant

claims under that provision of the mortgage which waives the right to possession during the year of redemption.

The sale was on the 16th day of July, 1921. The year for redemption commenced on that date. The case was argued here on the 18th day of May, 1922. We were unable to reach a decision of the case before the expiration of the year of redemption, which, of course, was July 16, 1922. At this time the controversy between the parties has terminated by lapse of time. Only a moot question is left. We have always held that we will not decide a case where the controversy between the contending parties has ceased, and when there would be nothing on which our judgment could operate. *Hice v. Orr,* 16 Wash. 163, 47 Pac. 424; *State ex rel. Taylor v. Cummings,* 27 Wash. 316, 67 Pac. 565; *Buchser v. Buchser,* 72 Wash. 675, 131 Pac. 193, 132 Pac. 239; *Holly-Mason Hdw. Co. v. Schnatterly,* 111 Wash. 29, 189 Pac. 545.

The appeal is dismissed and neither party will recover any costs in this court.

## ON REHEARING.

[*En Banc.* February 3, 1923.]

PER CURIAM.—This cause was reargued before the court *En Banc* on January 23, 1923. The majority of the judges being of the opinion that the cause was correctly disposed of by the decision of Department One, the appeal is dismissed as directed by the Department decision, and neither party will recover any costs in this court.