[No. 17899. Department One. September 18, 1923.]

LEWIS-PACIFIC DAIRYMEN'S ASSOCIATION, *Respondent*, v.
PRICE FRAME *et al., Appellants.*[1]

ASSOCIATIONS (4, 5) — CONTRACTS (96) — CONSTRUCTION—CONDI-
TIONS PRECEDENT—TERMINATION OF CONTRACT. Under a contract with
a dairymen's association, providing that the producer may cancel
the contract on the first day of March of any year by giving a
notice, and that, if the notice be given, he shall pay any indebted-
ness to the association prior to the first day of March, such payment
is not a condition precedent to an effective cancellation of the con-
tract, and subsequent payment terminates the contract.

SPECIFIC PERFORMANCE (23-1)—CONTRACTS ENFORCEABLE—TERMINA-
TION OF CONTRACT—MOOT QUESTION. Where a contract for the sale of
milk to a dairymen's association is terminated by a payment before
the trial of a case to enjoin nonperformance of the contract, the
action becomes a moot controversy, and will be dismissed.

Appeal from a judgment of the superior court for
Lewis county, Hewen, J., entered October 14, 1922, in
favor of the plaintiff, in an action for specific perform-
ance, tried to the court. Reversed.

*Gus L. Thacker,* for appellants.

*H. E. Donahoe* and *W. H. Abel,* for respondent.

MAIN, C. J.—The plaintiff brought this action for
the specific performance of a contract between it and
the defendant Price Frame, by the terms of which it
was agreed that all the milk produced upon a certain
farm owned or occupied by the defendant should be
delivered to the plaintiff. The trial resulted in a final
decree enjoining the defendant from selling milk to
third persons, but did not compel him to ship or sell
milk to the plaintiff corporation. From this judgment
the defendant appeals.

The Lewis-Pacific Dairymen's Association is a cor-
poration organized under the laws of this state. Its

[1] Reported in 218 Pac. 385.

stockholders are dairy farmers, the appellant being one of them. The association entered into contracts, some eight hundred in number, with its stockholders, which contracts made it the selling agent for the stockholders in disposing of their dairy products. Under this contract, which is dated November 29, 1920, and is upon a printed form prepared by the respondent, the appellant commenced to deliver milk during the month of April, 1921, and thereafter, and on or about June 15, 1921, ceased delivery and refused to further comply with the terms of the contract. There was a provision in the contract for the cancellation thereof, as follows:

"Provided, that the Producer may cancel this contract on the first day of March of any year, by giving written notice to the Association at least thirty days prior to said date that he desires to cancel his contract. If such notice be given, the Producer shall, prior to said first day of March, pay any indebtedness due from him to the Association and deliver his copy of this contract to the Association, and the same shall thereupon be cancelled and terminated. Such cancellation shall not affect any uncompleted sales or transactions between the parties hereto, nor release either from any indebtedness due the other."

The present action was begun on December 16, 1921, for the purpose above indicated, and thereafter, on January 28, 1922, the appellant notified the respondent in writing of his election to cancel the contract as of March 1, 1922. At the time of giving this notice, the appellant was indebted to the respondent in the sum of $300 upon his promissory note which he had given for the purchase price of bonds issued by the respondent. This indebtedness was not paid prior to March 1, 1922, but was paid in May, 1922, and prior to the time the case came on for trial.

There are a number of questions presented in the briefs, but as we view the matter, the decision upon

one question will be determinative of the action. This question is, Was the contract terminated under its provisions, even though the $300 note which was given for the bonds was not paid within the thirty days, but was paid prior to the time the cause was tried? It will be assumed, but not decided, that "any indebtedness," as used in the contract, applies not only to debts arising out of the contract, but to indebtedness such as the $300 note obligation. The question then is reduced to this: By the provision in the contract above quoted, was it a condition precedent to the appellant's right to effect a cancellation that he pay or tender the $300 "prior to the first day of March"? The contract permits a cancellation on the first day of March of any year by giving notice to the association at least thirty days prior to that date, and requires that any indebtedness due the association be paid prior to the first day of March. As already noticed, this contract is upon a printed form prepared by the respondent, and to hold that the indebtedness must be paid prior to the first day of March as a condition precedent to the right to cancel would be giving the contract a severe construction in favor of the respondent and against the appellant, and we think that, from the language used, it should not be given this construction. It was the duty of the appellant, under the contract, to make the payment prior to March 1st, but it should not be held to be a condition precedent. The money being paid prior to the time the case came on for trial, the contract terminated and the controversy ceased.

It is a general rule that, where a controversy between the parties to an action has terminated prior to the time of the trial, the question becomes moot and the court will not retain the cause for the purpose of determining such a question. The latest expression

on this question will be found in the case of *Pacific Savings & Loan Association v. Smith,* 121 Wash. 595, 209 Pac. 1086, 212 Pac. 582, where the earlier cases are cited.

· The case of *Motion Picture Trade Directory Co. v. Wallace,* 197 App. Div. 939, 186 N. Y. Supp. 80, has been cited as supporting the construction which we have given to the contract which is now before us for consideration. In that case the defendants signed and delivered to the plaintiff an order for the insertion of the defendants' advertisement in a magazine published by the plaintiff. It was provided in the contract that a copy of the motion picture theater list of the plaintiff be loaned to the defendants upon the "condition that it is not to be used by any person, firm, or corporation other than the advertiser, nor to be loaned, copied, reproduced, or mutilated, and is to be returned prepaid to the proprietor before this contract can be terminated by the advertiser (the defendants)." In accordance with the provisions of the contract, the plaintiff inserted the defendants' advertisement in four consecutive issues of the magazine. After the fourth insertion the defendants notified the plaintiff in writing to discontinue the publication of the advertisement, but failed to return the motion picture theater list which had been loaned to them. It was there held that the return of this list was not by the terms of the contract made a condition precedent to the right of the defendants to cancel the same. That construction of the contract was sustained without an opinion by the appellate division of the supreme court of New York in 188 N. Y. Supp. 937. The contract there, by its terms, could more easily have been construed as one which made the return of the list a condition precedent to the right to cancellation than can the contract here

be construed to make the payment, prior to March 1st after the giving of notice, of any indebtedness a condition precedent to the right of cancellation.

The case of *Standard Fashion Co. v. Magrane-Houston Co.*, 258 U. S. 346, is not out of harmony with the views above expressed. It was there held under the contract in question that, although the date upon which the cancellation of the contract would take effect had elapsed pending suit, the case did not become moot because in the bill there was a prayer for the assessment of damages, and, under the record of the case, such damages were capable at least of partial ascertainment. In the case which we are now considering there is no question with reference to the matter of damages, hence the case last cited cannot be deemed an authority for retaining jurisdiction of a case by a court after the questions involved have become moot.

The judgment will be reversed, and the cause remanded with direction to the superior court to dismiss the action.

HOLCOMB, BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.