[No. 25425. Department Two. February 4, 1935.]

THE STATE OF WASHINGTON, *on the Relation of E. Burnham, Plaintiff,* v. THE SUPERIOR COURT FOR THURSTON COUNTY, HONORABLE D. F. WRIGHT, *Judge, Respondent.*[1]

*P. C. Kibbe* and *Harry L. Parr,* for relator.

*The Attorney General* and *L. C. Brodbeck, Assistant,* for respondent.

HOLCOMB, J.—This matter is before us for a peremptory writ of certiorari to review the decision of

[1]Reported in 41 P. (2d) 155.

the court below, which refused to review a decision of the Washington state liquor control board revoking two licenses of relator.

Relator alleges in his petition that, on June 28, 1934, complaint was made and an order to show cause issued against him by the liquor control board why his licenses should not be suspended or cancelled for violation of the Washington state liquor act and the rules and regulations thereunder. It is further alleged that a hearing was had on August 6, 1934, at which time he was allowed to present his witnesses and testimony and show cause why his license should not be suspended or cancelled. Thereafter, on August 25, 1934, after consideration by the board, it rendered its decision that the licenses of relator be cancelled or revoked effective as of August 30, 1934. It is further alleged that relator applied to the lower court for a review of the decision of the board; and after submission to and consideration by the lower court, the writ of certiorari was, on October 1, 1934, denied, formal entry thereof being made on November 1, 1934.

Relator insists that § 27(2) and § 62 of the liquor control act (Rem. 1934 Sup., §§ 7306-27, 7306-62 [P. C. §§ 3180-37, 3180-72]) are irreconcilable and also invalid.

The Washington state liquor act comprises chapter 62, Laws of 1933, Ex. Ses., p. 173 (Rem. 1934 Sup., § 7306-1 [ P. C. § 3180-11] *et seq.*). Subdivision 4, § 27, *supra,* reads:

"Unless sooner cancelled, every license issued by the board shall expire at midnight of the thirty-first day of December in the year for which the license was issued." (Rem. 1934 Sup., § 7306-27 [P. C., § 3180-37]. )

Respondent has moved for dismissal of the proceedings for the reason, among others, that the

subject matter of the litigation has ceased to exist, and any judgment rendered by this court would be ineffectual; and that the question now before us is moot.

It cannot be questioned that December 31 of the year in which the license was issued to relator, 1934, has passed, and that the licenses involved have ·expired by operation of law. After December 31, 1934, relator had no beneficial interest in the litigation, the controversy ceased, and there is now no live question before this court. *Holppa v. City Council of Aberdeen,* 34 Wash. 554, 76 Pac. 79. See, also, *State ex rel. Coiner v. Wickersham,* 16 Wash. 161, 47 Pac. 421; *Hice v. Orr,* 16 Wash. 163, 47 Pac. 424; *Mackay v. Dever,* 49 Wash. 439, 95 Pac. 860.

In the last cited case, Rudkin, J., took occasion to say:

"It has been suggested that the question is a recurring one and will arise again, but in the language of the court of appeals of New York: 'The demands of actual practical litigation are too pressing to permit the examination or discussion of academic questions, such as this case in its present situation presents'."

That pronouncement applies here.

Cf. *Holly-Mason Hardware Co. v. Schnatterly,* 111 Wash. 29, 189 Pac. 545; *Pacific Savings & Loan Association v. Smith,* 121 Wash. 595, 209 Pac. 1086; 212 Pac. 582; *Lewis-Pacific Dairymen's Association v. Frame,* 126 Wash. 493, 218 Pac. 385.

A case cited and relied upon by relator, *Clark v. Alcoholic Beverage Commission,* 170 Atl. (R. I.) 79, where that court held that review of the alcoholic beverage commission's reversal of a city board's action in granting a retail beverage license will not be denied as presenting a moot question, because petitioner's license had expired by statutory limitations, in view of the probable effect on his future appli-

cation, doubtless misled counsel, because the statutory provision under their law was not set out, and is different from ours. There the statute, among other things, prescribes:

"In case a license issued hereunder shall be revoked, the board, body or official revoking such license may, in its discretion, as part of the order of revocation provide that no license shall be granted for the same place for the period of one year next after such revocation, and in case such order shall be made no license shall, during said year, be issued for that place or to the persons whose license is so revoked for any other location." (Rhode Island Public Laws of 1933, Ch. 2013, p. 43, § 11.)

Hence, there is in Rhode Island something upon which a judgment of the reviewing court could operate, that is, the right of the licensee to a new license for the following year. There is no such or similar provision in our statute.

It being clear on the facts and the face of the petition in this case that there is nothing upon which the judgment of the court could operate, and that the question is moot, the appeal must be, and is, dismissed.

MILLARD, C. J., STEINERT, BLAKE, and TOLMAN, JJ., concur.