[No. 27620. Department One. February 15, 1940.]

THE STATE OF WASHINGTON, *on the Relation of J. E. Layton, Respondent,* v. WALTER J. ROBINSON, *as State Director of Agriculture, Appellant.*[1]

*The Attorney General* and *Geo. G. Hannan, Assistant,* for appellant.

*Lewis, Black & Ghormley,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court reversing an order of the director of the state department of agriculture. The appellant is Walter J. Robinson, as director of that department. The respondent, J. E. Layton, did business under the trade name and style of Production Laboratories, in the city of Seattle.

[1]Reported in 99 P. (2d) 402.

Pursuant to § 5, chapter 37, Laws of 1937, p. 87, the appellant issued to the respondent a certificate of registration for the year beginning April 1, 1937, and ending March 31, 1938, by which the latter was permitted to manufacture and sell a product called "Coxol" or "Red-Hed Coxol." This product is sold as a remedy or treatment for coccidiosis in poultry. By stipulation, the registration certificate was continued for an additional year, expiring March 31, 1939.

January 7, 1938, the appellant prepared and filed in his office a complaint, which required the respondent to show cause why his certificate of registration should not be canceled. Thereafter, a hearing was had in Seattle, and, on account of the convenience of witnesses, in a number of other places. The hearing resulted in findings by the appellant that "Coxol" was of no substantial value, and, in fact, its tendency was to be harmful when used. An order was entered canceling the certificate. The respondent took this order before the superior court for review, and the cause was there heard on the record made in the hearing before the appellant. No additional testimony was taken. The trial court made findings of fact to the effect that "Coxol," when properly used, was not detrimental or injurious, and that it was of substantial value as a remedy for coccidiosis. Judgment was entered reversing the order of the appellant, from which he appealed.

The respondent opens his brief with a motion to dismiss the appeal for two reasons, one of which is that the question has become moot.

The judgment of the superior court was entered March 13, 1939. The certificate of registration for the second year expired March 31st of that year. Subsequent to that time, the respondent had no certificate which could be affected by any judgment that

this court might direct. The question clearly had become moot or academic. It. being no longer a question at issue, this court will not pass on a moot question, even though both parties may desire such determination.

In *State ex rel. Johnston v. Tommy Burns, Inc.*, 188 Wash. 263, 62 P. (2d) 47, after stating the question which had earlier been in the case, it was said:

"Although respondents also urge us to decide this question upon the merits, we decline to do so. The question is purely academic, and this court is not required to pass upon such questions. Courts will not knowingly determine moot questions, however much both parties desire such determination."

The cases of *Holly-Mason Hardware Co. v. Schnatterly*, 111 Wash. 29, 189 Pac. 545, and *State ex rel. Burnham v. Superior Court*, 180 Wash. 519, 41 P. (2d) 155, are to the same effect.

The appellant, however, says that the superior court had no jurisdiction to review an order entered by him. This question was not raised in the superior court. The appellant did not state it as one of the questions in opening his brief, and did not assign any error with reference thereto. The question was raised for the first time after the motion by the respondent to dismiss was made.

Section 9, chapter 37, Laws of 1937, p. 88, provides the procedure for the cancellation of a registration certificate. Subdivision (c) of the same section, p. 89, provides that the hearing for such cancellation shall be held in the county where the holder of the registration has his principal place of business within the state, or in the county where the violation or violations may have occurred. This subdivision concludes with this statement:

"Any order of the director canceling or refusing to

register a brand shall be subject to review by any court of competent jurisdiction."

The appellant says that his order can only be reviewed by the superior court of Thurston county, under Rem. Rev. Stat., § 886 [P. C. § 6260], which provides that anyone having a "claim" against the state shall have a right of action in the superior court of Thurston county. Had that been the intention, the legislature would undoubtedly have provided, as they did in § 3, chapter 169, Laws of 1937, p. 647 (Rem. Rev. Stat. (Sup.), § 10428 [P. C. § 5613]), with reference to public service companies affected by an order of the department of public service, that the review of the order should be by the superior court of Thurston county.

It is clear that the superior court of King county had jurisdiction to review the order brought before it.

The appeal will be dismissed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.