[No. 28926. Department One. December 14, 1942.]

THE STATE OF WASHINGTON, *on the Relation of Harley Chapman et al., Plaintiff,* v. THE SUPERIOR COURT FOR BENTON COUNTY, *Respondent.*[1]

*K. E. Serier* and *Cheney & Hutcheson,* for relators.

*Clark & Grady* and *Andrew Brown,* for respondent.

MILLARD, J.—The superior court for Benton county granted application of a taxpayer and qualified voter

[1]Reported in 131 P. (2d) 958.

of that county October 29, 1942, for a writ of mandate requiring the Benton county election board to place the names of certain persons on the official ballot to be used in the general election to be held November 3, 1942, in Benton county, as Republican candidates for the offices of treasurer, auditor, and prosecuting attorney, respectively, for said county.

The relators (members of Benton county canvassing board of election returns), by this proceeding seek review and reversal of that judgment. The application to this court for a writ of certiorari was made orally Friday, October 30, 1942, and formally Saturday, October 31, 1942, hence came too late for us to consider the merits of the cause in any orderly manner prior to the election, which was held Tuesday, November 3, 1942; however, we entered an order requiring respondent superior court to show cause in this court November 13, 1942, on which date hearing was had in this court, why the writ should not be granted.

Respondent moves that the order to show cause be quashed and the proceeding dismissed upon the grounds that (1) the question presented is moot; and that (2) if petitioners have any standing in court, they have a plain, speedy, and adequate remedy at law.

If the election board obeyed the order of the trial court to place the names of the three persons in question upon the ballot as candidates for certain offices at the November 3rd election, the election board's act in so doing can not now be undone by any order which we may enter. It is a *fait accompli*. If the election board did not obey the trial court's order and place the names upon the ballot, a review by this court would be pointless for the same reason, as we would be powerless to grant an effectual remedy; any order

entered by us would be, as argued by counsel for respondent, wholly inoperative.

In either event, the election board has no interest in this proceeding, as that board either performed its duty by printing the names upon the ballot or it is now too late to either perform or not perform that duty. It is no concern of the election board whether the three candidates were elected; nor, if any or all of the three candidates were elected, would it be any concern of the election board whether the election was valid. The sole concern of the election board was the printing of the ballots. The question of validity of the election of the three candidates, if they were elected, is a matter in which the candidates themselves alone are interested. If any one of the three candidates involved were elected, the validity of that election could be challenged by the defeated candidate (not by the election board or taxpayer and qualified elector at whose instance the writ of mandate was issued requiring placing of the three names upon the ballot) in a proper proceeding.

We have consistently held that we will not review a proceeding or cause in which the questions presented have become moot.

In *State ex rel. Burnham v. Superior Court,* 180 Wash. 519, 41 P. (2d) 155, we granted a motion for dismissal of an application for a writ of certiorari to review a judgment of the superior court involving the cancellation of a beer license. The license was canceled by the liquor board effective August 30, 1934. The superior court denied an application November 1, 1934, for review of the board's decision. On December 31 of the year 1934, in which it was issued, the license involved expired by operation of law. We held that after December 31, 1934, relator had no beneficial interest in the litigation, the controversy had

ceased, and that there was not a live question before this court. We quoted with approval the following language of the opinion in *Mackay v. Dever,* 49 Wash. 439, 95 Pac. 860:

"It has been suggested that the question is a recurring one and will arise again, but in the language of the court of appeals of New York: 'The demands of actual practical litigation are too pressing to permit the examination or discussion of academic questions, such as this case in its present situation presents.' "

In *Mackay v. Dever, supra,* we held that an appeal from a judgment dismissing an action to enjoin the holding of a primary election will be dismissed because of cessation of controversy where, before the hearing of the appeal, the time for holding the election has expired and the election has been held or never can be held.

In *State ex rel. Case v. Mead,* 52 Wash. 533, 100 Pac. 1033, we held that certiorari does not lie to review a sentence of a court martial reprimanding the relator after the reprimand has been administered, the court dissolved, and the sentence fully executed, the relator not being deprived of any dignity or rank, as the controversy has ceased to exist.

In *Holly-Mason Hardware v. Schnatterly,* 111 Wash. 29, 189 Pac. 545, we held that an appeal from an order refusing a writ of assistance to put a mortgagee in possession during the period of redemption will be dismissed where, before the hearing, the period of redemption had expired and any decision would be academic and without any effect upon any controversy between the parties.

In *State ex rel. Johnston v. Burns,* 188 Wash. 263, 62 P. (2d) 47, we held that an appeal will be dismissed as raising only a moot question where in-

junction was sought to restrain a lottery, the time for which was long since passed.

In *Pacific Savings & Loan Ass'n v. Smith,* 121 Wash. 595, 209 Pac. 1086, 212 Pac. 582, we held in harmony with *Holly-Mason Hardware v. Schnatterly, supra,* as the facts in both cases were not dissimilar.

In *In re Brown,* 6 Wn. (2d) 215, 101 P. (2d) 1003, 107 P. (2d) 1104, we held that an appeal will be dismissed where it appears that the controversy presented by the appeal and between the parties has ceased, even if an opinion has been filed and the cause is pending on a petition for rehearing.

In *State ex rel. Layton v. Robinson,* 2 Wn. (2d) 614, 99 P. (2d) 402, we held that, where a judgment reversing an order of the director of agriculture canceling a certificate of registration was entered March 13, 1939, and the certificate expired March 31, 1939, subsequent to which time the respondent relator had no certificate which could be affected by any judgment that this court might direct, the question had become moot, and the appeal of the director from the judgment was dismissed.

In *James v. Superior Court,* 35 Cal. App. 148, 169 Pac. 398, the court held that, where petitioner brought action to enjoin the sale of capital stock to enforce payment of an assessment, the petitioner's voluntary payment of the assessment fully settled and adjusted the matter in litigation, so that whether an order dissolving the preliminary injunction was void was immaterial and abstract and afforded no ground for relief, so that certiorari to annul the dissolution order will be discharged. In other words, the actual controversy between the parties had ceased to exist as a live question, therefore it was no longer of any legal consequence whether the petitioner was right in his

contention that the order attempting to dissolve the injunction was entirely void. By the payment of the assessment, the petitioner made it virtually an abstract proposition of law, hence, no relief could be afforded.

In *People v. Buck*, 181 Ill. App. 110, an appeal from a judgment for the relator in proceedings by mandamus to compel the calling of an election was dismissed, as the time for the election had passed. See, also, *Minwegen v. Coughlin*, 181 Ill. App. 354, and *People v. Cannon*, 146 Ill. App. 255.

 Counsel for relators contend that the question presented is of great public interest and the real merits of the controversy are unsettled; therefore, under authority of *State ex rel. Yakima Amusement Co. v. Yakima County*, 192 Wash. 179, 73 P. (2d) 759, we should consider the question involved notwithstanding the fact that it has become moot.

*State ex rel. Yakima Amusement Co. v. Yakima County, supra,* was instituted in the superior court under the declaratory judgment statute (Laws of 1935, chapter 113) for the determination of the validity of a section of the tax statute. We stated in our opinion that the real question presented was of great public interest and made the case a proper one for a declaratory judgment warranting the denial of a motion to dismiss the proceedings for failure to pay the tax under protest as a condition precedent to the action. It was unnecessary for us to cite sustaining authority, as the *question* presented *was of great public interest* and the declaratory judgment statute authorized the maintenance of the action, and an appeal from the judgment in that proceeding was properly considered by this court. For a discussion of the declaratory judgment statute under the provisions of which the cause was properly maintained

and the appeal considered in *State ex rel. Yakima Amusement Co. v. Yakima County, supra,* see *Heisey v. Port of Tacoma,* 4 Wn. (2d) 76, 102 P. (2d) 258; *Inland Empire Etc. v. Department of Public Service,* 199 Wash. 527, 92 P. (2d) 258; *Washington Beauty College v. Huse,* 195 Wash. 160, 80 P. (2d) 403; *Peoples Park & Amusement Ass'n v. Anrooney,* 200 Wash. 51, 93 P. (2d) 362.

In principle and on the facts, the case at bar and *State ex rel. Yakima Amusement Co. v. Yakima County, supra,* are distinguishable.

The only question presented in the case at bar is which of two individuals, as to each office involved, is entitled to the office. For the determination of that question, the *aggrieved* parties (the defeated candidates, who are not parties to this action) have a full and complete remedy. The question (which one obtains the office) is not, legally, a question of great public interest. In *State ex rel. Yakima Amusement Co. v. Yakima County, supra,* the question (validity of statute affecting all taxpayers) was a live question of the greatest public interest.

The motion to quash the order to show cause and dismiss the proceeding is granted.

ROBINSON, C. J., STEINERT, JEFFERS, and MALLERY, JJ., concur.