# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| JAMES MAJORS, an individual,<br><br>                  Appellant,<br><br>    v.<br><br>MULTICARE HEALTH SYSTEM, a<br>Washington non-profit corporation,<br><br>                  Respondent. | No. 52414-7-II<br>(consolidated with No. 52644-1-II)<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, J. — James Majors appeals the trial court's denial of his summary judgment motion and grant of MultiCare Health System's summary judgment motion. The trial court found a noncompetition covenant between the parties to be enforceable. Majors claims that the trial court erred in finding the covenant enforceable because the covenant was (1) unnecessary to protect MultiCare's business interests, (2) unreasonable in scope, and (3) harmful to public policy.

We hold that Majors does not present a justiciable controversy on appeal because the noncompetition covenant has expired and is no longer enforceable.

Affirmed.

## FACTS

In 2003, Majors moved to Washington and accepted a job as an obstetrician-gynecologist at Good Samaritan Community Healthcare in Puyallup, Washington. In 2011, MultiCare acquired

Good Samaritan through a merger. MultiCare is a not-for-profit healthcare organization that consists of several hospitals and clinics in Washington.

MultiCare hired Majors as a part of its own expansion efforts. As a condition of his employment with MultiCare, MultiCare required Majors to sign an agreement that contained a noncompetition covenant with MultiCare. The covenant prohibited the practice of medicine within a 20-mile radius from the physician's clinic for two years upon termination of the employment relationship with MultiCare. The employment agreement also stated that in the event of a dispute, attorney fees and costs shall be awarded to the prevailing party. Majors signed the agreement in 2010 and signed subsequent agreements with identical noncompetition covenants in 2014 and 2017.

MultiCare terminated Majors without cause on September 15, 2017. Majors asked MultiCare to either release him from the noncompetition covenant or to modify the covenant by reducing the area where Majors was prohibited from practicing from a 20-mile radius from Majors's previous clinic to a 2-mile radius. MultiCare refused to release Majors from the covenant or reform the covenant.

In February 2018, Majors filed a declaratory relief action against MultiCare seeking declaration that the noncompetition covenant in his employment agreement was unenforceable. In the alternative, Majors sought reformation of the noncompetition covenant "so as to make it reasonable under Washington law." Clerk's Papers (CP) at 3. In his complaint, Majors also sought attorney fees and damages allegedly resulting from MultiCare's violation of the Consumer

Protection Act,[1] tortious interference with a business expectancy, and tortious interference with a prospective economic advantage.

Both Majors and MultiCare moved for partial summary judgment. The court granted MultiCare's motion for partial summary judgment and denied Majors's motion for partial summary judgment, concluding that the noncompetition covenant was enforceable.

Majors sought discretionary review of the trial court's decision on partial summary judgment. Before we could rule, the parties stipulated to the voluntary dismissal of Majors's remaining claims in order to "facilitate appellate review" of the trial court's decision. CP (Sept. 6, 2018) at 4. The parties also agreed that the stipulation would not preclude MultiCare from pursuing attorney fees and costs in the future, including while this appeal was pending. Majors sought appellate review on September 5, 2018. The noncompetition covenant expired on September 15, 2019.

## DISCUSSION

### I. JUSTICIABILITY

#### A. LEGAL PRINCIPLES

Justiciability is a threshold requirement that must be satisfied before we may address Majors's claims. *Eyman v. Ferguson*, 7 Wn. App. 2d 312, 319, 433 P.3d 863 (2019). "We review justiciability de novo." *Id.* In the absence of issues of "broad overriding public import," a case must be a justiciable controversy under the Uniform Declaratory Judgments Act, ch. 7.24 RCW.

---

[1] Ch. 19.86 RCW.

*Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 814-15, 514 P.2d 137 (1973). A justiciable

controversy is defined as

> "(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive."

*Branson v. Port of Seattle*, 152 Wn.2d 862, 877, 101 P.3d 67 (2004) (emphasis omitted) (quoting

*To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001)). Unless all elements

are met, the reviewing court steps into the prohibited area of advisory opinions. *Diversified*, 82

Wn.2d at 815.

Within the four-part justiciability test set forth above are the related restraint doctrines. *To-Ro Trade Shows*, 144 Wn.2d at 417. "An actual, immediate dispute cannot be moot and must be ripe, and a party lacking a direct, substantial interest in the dispute will lack standing." *Id*. The first prong of the test requires us to address mootness. "A case is moot, and should be dismissed, when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief." *Eyman*, 7 Wn. App. 2d at 320.

B. MOOTNESS

Majors contends that his appeal is not moot even though the terms of the noncompetition covenant have expired. We disagree.

We have previously applied the mootness doctrine to noncompetition covenants. In *National School Studies v. Superior School Photo Service, Inc.*, 40 Wn.2d 263, 268, 242 P.2d 756 (1952), an employer sought injunctive relief and damages against a former employee for breach of a noncompetition covenant, the terms of which had expired on appeal. The trial court refused

4

to order injunctive relief and concluded that the employer was not entitled to damages because he failed to bring forth adequate proof of lost profits. *Id.* at 268, 275. On appeal, the court refused to address the merits of the covenant because it had expired, therefore the question was moot. *Id.* at 268. The court reasoned that "'[w]e have always held that we will not decide a case where the controversy between the contending parties has ceased, and when there would be nothing on which our judgment could operate.'" *Id.* at 269 (quoting *Pac. Savings & Loan Ass'n v. Smith*, 121 Wash. 595, 597, 209 P. 1086 (1922)). The court then assumed the validity of the covenant in order to affirm the trial court's finding that the employer failed to show adequate proof of loss. *Id.* at 274, 275.

Similarly, in *Alexander & Alexander, Inc. v. Wohlman*, 19 Wn. App. 670, 672, 578 P.2d 530 (1978), an employer sought injunctive relief and damages against former employees for violations of their noncompetition covenants. The trial court dismissed the complaint, finding that the covenants were unenforceable. *Id.* at 672, 677. The employer appealed. *Id.* at 671. During this time, the terms of covenant expired. *Id.* at 688. On appeal, the court held that the trial court erred because part of the covenants were reasonable, therefore the covenants were not totally unenforceable. *Id.* at 687-88. However, due to the expiration of the terms, the court held that it could not grant injunctive relief. *Id.* at 688. The only remedy available to the employer was to reverse and remand for a trial on the issue of damages. *Id.* at 688.

*Emerick v. Cardiac Study Center, Inc.*, 189 Wn. App. 711, 730-31, 357 P.3d 696 (2015), distinguished both *Alexander* and *National School* as well as addressed the merits of a noncompetition covenant after the terms had expired. In *Emerick*, the trial court ordered injunctive relief and attorney fees and costs to the employer when the terms of the noncompetition covenant

were in effect. *Id.* at 719. On appeal, the employee argued that the trial court erred when it granted injunctive relief and fees and costs. *Id.* at 720. The employee also challenged the appellate court's authority to grant injunctive relief under *Alexander* and *National School* because the terms had expired. *Id.* at 730-31.

The court disagreed. The court reasoned that because the trial court properly granted injunctive relief when the terms of the noncompetition covenant were still in effect, the court had no need to order injunctive relief on appeal. *Id.* at 730-31. In contrast, the trial courts in both *Alexander* and *National School* did not order injunctive relief when the noncompetition covenant was still in effect. And when the disputes were addressed on appeal, the covenants had expired, therefore the controversies between the parties had ceased to exist. *Alexander*, 19 Wn. App. at 688; *Nat'l Sch.*, 40 Wn.2d at 268.

Here, the parties concede that the terms of the noncompetition covenant at issue on appeal have expired. Majors was subject to a noncompetition covenant that restricted his ability to practice medicine within a 20-mile radius of his previous clinic for two years. MultiCare terminated Majors on September 15, 2017. Majors sought declaratory relief from the noncompetition covenant and damages under multiple theories against MultiCare in February 2018, well within the two-year duration of the covenant. However, the terms expired on September 15, 2019, over a month before we heard Majors's appeal.

Majors relies on *Spokane Research & Defense Fund v. City of Spokane* to argue that his appeal is not moot because the attorney fee provision of his employment contract is still undecided. 155 Wn.2d 89, 117 P.3d 1117 (2005); Wash. Court of Appeals oral argument, *Majors v. MultiCare Health System*, No. 52414-7-II (Oct. 29, 2019), at 2 min. 05 sec.—2 min. 19 sec. (on file with court). We disagree.

In *Spokane Research*, the appellant sought disclosure of documents under the "Public Disclosure Act" (PDA), former ch. 42.17 RCW,[2] from the City of Spokane, arguing that the documents he sought were not privileged. 155 Wn.2d at 95, 96. The appellant also sought fees, costs, and sanctions pursuant to the PDA for the city's nondisclosure. *Id*. at 96. The city argued that because it disclosed the documents to the appellant pursuant to another litigation, the case was moot. *Id.* at 99. Our Supreme Court disagreed. *Id.* at 99, 102. The court held that the previous disclosure of the documents did not render the appellant's claims moot because the question of whether the city was required to make the disclosures pursuant to the PDA was still an existing controversy. *Id*. Additionally, if the appellant prevailed, he was entitled to fees, costs, and sanctions pursuant to the PDA. *Id.*

We are unpersuaded that Majors's case is analogous. Here, Majors seeks only declaratory relief against the enforcement of the noncompetition covenant on appeal. Below, Majors moved

---

[2] *Spokane Research* cited to the PDA, which has since been renamed and recodified as the Public Records Act (PRA), ch. 42.56 RCW. LAWS OF 2005, ch. 274 (effective July 1, 2006).

for partial summary judgment on his declaratory action claim and did not request the court to rule on his other claims. MultiCare also moved for partial summary judgment, arguing that the noncompetition covenant was enforceable. The trial court granted MultiCare's motion, concluding that the covenant was enforceable, and dismissed Majors's declaratory judgment claim. Majors now asks us to either conclude that the covenant is unenforceable or reform the covenant to make the restrictions reasonable. However, regardless of the covenant's validity or reasonableness, the covenant is no longer enforceable because the terms expired. Therefore, Majors does not have an existing need for declaratory relief.

Furthermore, unlike *Alexander*, *National School*, and *Spokane Research*, Majors does not seek any other remedy for which he has an existing need. Majors voluntarily dismissed his remaining claims and neither party sought attorney fees or costs as the prevailing party below or on this appeal. Because the terms of the noncompetition covenant have expired and there are no other claims existing at this time, "'there would be nothing on which our judgment could operate.'" *Nat'l Sch.*, 40 Wn.2d at 269 (quoting *Pac. Savings*, 121 Wash. at 597). Therefore, we decline to address the merits of Majors's appeal because it has become moot.

## CONCLUSION

We hold that Majors does not present a justiciable issue under the Uniform Declaratory Judgments Act because the terms of noncompetition covenant expired, therefore any disagreement

regarding enforceability of the covenant is moot. Because Majors does not present a justiciable issue, we decline to address the merits of his appeal. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, P.J.

GLASGOW, J.