# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>PETER PANOS DALLAS MERRIAM,<br><br>Appellant,<br><br>and<br><br>TAMELA REDMILL MERRIAM,<br><br>Respondent. | DIVISION ONE<br><br>No. 83492-4-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Peter Merriam appeals from the decree dissolving his 20-year marriage to Tamela Merriam,[1] who died before Peter filed his opening brief. Peter contends that the trial court erred by allowing an attorney handling Tamela's Social Security disability claim to testify as an expert witness and by ordering Peter to pay maintenance into his attorney's trust account in order to purchase a vehicle for Tamela. As Peter's maintenance obligations terminated with Tamela's death, we dismiss the appeal as moot.

I

Peter and Tamela Merriam were married on November 7, 1993 and separated on July 20, 2013. Following the separation, the parties jointly filed for bankruptcy.[2] Tamela was dismissed from the action after she did not appear at

---

[1] So as to avoid confusion, we will refer to the Merriams by their first names. The respondent is now the Estate of Tamela Merriam.

[2] Tamela informed the court that she did not agree to participate in bankruptcy proceedings and that Peter surrendered her home during those proceedings without her knowledge or consent.

trustee meetings or hearings. On November 7, 2013, Peter and Tamela were in an automobile collision. Tamela was injured in the collision and, in 2014, hired attorney Teal Parham to assist her in obtaining Social Security disability benefits. She was determined to be disabled and unable to work in June 2014. Tamela received $733 a month in Social Security benefits until she began receiving maintenance payments from Peter of $800 a month. Teal Parham testified at trial and explained that because Social Security disability benefits are income-based, Tamela lost eligibility after Peter began paying maintenance.

At the time of trial, Peter was a union carpenter. In the three years prior to trial, Peter made between $66,908 and $73,220 annually. During the same period, Tamela was unable to work, lived in a trailer without electricity or water, and received either $733 of Social Security benefits or $800 a month of maintenance from Peter. Accordingly, in lieu of maintenance, the trial court ordered Peter to make payments into his attorney's trust account. Peter was then to use that money to provide Tamela with a vehicle, which he would insure.

Peter was unable to obtain financing to facilitate providing a vehicle for Tamela. He never did so. Accordingly, in December 2018, the trial court ordered Peter to provide Tamela with the funds held in the trust account. The final dissolution decree, entered on July 23, 2020, ordered that the funds that had been accumulated in the trust account since December 2018 be released to Tamela. On April 13, 2021, Tamela passed away.

Peter appeals.

II

Peter contends that the trial court's alleged errors resulted in the fashioning of an unacceptable mechanism for maintenance payments—specifically, that they would be made into his attorney's trust account for the purpose of providing Tamela a vehicle, which Peter was then to purchase and insure. However, he never did so and the court eventually modified its order to eliminate this provision. Peter does not dispute the amount of the maintenance award, acknowledging that "the practical effect on him is no different. [Peter] would still owe $800.00 in spousal support notwithstanding where it is paid."[3]

"A case is moot if a court can no longer provide effective relief." Orwick v. City of Seattle, 103 Wn.2d 249, 253, 692 P.2d 793 (1984). Tamela is now deceased and is no longer receiving either Social Security benefits or maintenance payments. Peter's maintenance obligations have been terminated. See RCW 26.09.170(2) ("Unless otherwise agreed in writing or expressly provided in the decree the obligation to pay future maintenance is terminated upon the death of either party."). Furthermore, the record indicates that Peter never purchased or insured a vehicle for Tamela. Instead, Peter was eventually ordered to pay the funds directly to Tamela. Accordingly, the arrangement that Peter characterizes as an impermissible tenancy-in-common never arose.

As the sole subject of this appeal—Peter's maintenance obligation—no longer exists, no effective appellate relief is possible.[4]

---

[3] Reply Br. of Appellant at 4.

[4] The Estate of Tamela Merriam requests an award of attorney fees and costs for defending a frivolous appeal, citing RAP 18.9(a). An appeal is frivolous when it presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal.

No. 83492-4-I/4

When the questions presented in an appeal have become moot, the appeal should be dismissed. State ex rel. Chapman v. Superior Court, 15 Wn.2d 637, 639, 131 P.2d 958 (1942).

Dismissed.

_____
Dwyer, J.

WE CONCUR:

_____        _____
Mann, C.J.                              Verellen, J.

---

Streater v. White, 26 Wn. App. 430, 434, 613 P.2d 187 (1980).  As Peter's claims were entirely moot prior to the date that his opening brief was filed, we conclude that the appeal is frivolous and grant the estate an award of reasonable attorney fees.  A commissioner of our court will enter an appropriate award upon proper application.

4