[No. 10771. Department One. April 10, 1913.]

JOHN R. BUCHSER, *Appellant*, v. ANNIE BUCHSER,
*Respondent*.[1]

EXECUTORS AND ADMINISTRATORS — APPOINTMENT—RIGHT TO LET-
TERS—HUSBAND AND WIFE—COMMUNITY PROPERTY. Under Rem. &
Bal. Code, § 1389, giving the husband the preference right to letters
of administration upon the estate of his deceased wife, he cannot
be deprived thereof by the fact that he claimed to own the home-
stead as his separate property and declined to inventory it as be-
longing to the estate; since the rents and profits may be covered
by the bond, pending determination of the title, the failure to men-
tion the property does not defeat or cloud the title, and the court
may take evidence to determine whether it shall be included in the
inventory, under Rem. & Bal. Code, § 1450, requiring the adminis-
trator to make a true inventory, and § 1457, providing for revoca-
tion of his letters if he refuse to do so.

APPEAL—REVIEW—CESSATION OF CONTROVERSY—REHEARING. Where
a case is settled pending appeal, by a waiver of appellant's right
to administer an estate, it is the duty of the respondent to call the
fact to the attention of the court; and after decision filed, the re-
spondent cannot, on petition for a rehearing, ask a modification of
the judgment on account of the waiver.

Appeal from an order of the superior court for Spokane
county, Webster, J., entered February 8, 1912, appointing
an administrator upon hearing conflicting applications there-
for. Reversed.

[1]Reported in 131 Pac. 193; 132 Pac. 239.

*David Herman* and *Scott & Campbell*, for appellant.
*John Salisbury*, for respondent.

Chadwick, J.—Annie Buchser died intestate, leaving an estate in Spokane county, Washington. Her husband, John R. Buchser, applied for letters of administration, and upon the hearing he was questioned as to the value and extent of the property of the estate. He enumerated certain personal property of the value of about $1,700. In answer to a question put by the court, it developed that he was the owner of 160 acres of land that had been taken up as a homestead, and 80 acres that he had purchased out of the proceeds of timber cut on the homestead. The petitioner husband claimed the land as his separate property. The court was of opinion that it was community property, and that "the real estate ought to be mentioned in the application in order to fix the bond." The matter was thereupon continued to a future date, in order to give counsel for the petitioner time to examine some of the cases heretofore decided by this court.

In the meantime, a daughter, Annie Buchser, petitioned for letters. When the matter came on for hearing, the husband through his counsel still maintained his position that the real estate was his separate property, but offered testimony as to the rents and profits in order to fix a bond pending the bringing or decision of a case (the record is not clear) in the Federal court. The court still insisted that the property should be brought in as community property, and refused to consider the rental value upon the husband's petition, his reason being that, if the property was indeed separate property, there was no justifiable reason for considering its value in this proceeding. The daughter Annie Buchser was then appointed administratrix, and her father has appealed.

The right of administration is a valuable right, and especially so where under our statutes there is a community of interest. The husband is the owner of one-half of the per-

sonal property, and should not be denied the statutory pref-
erence (Rem. & Bal. Code, § 1389), unless there is some con-
trolling reason. Under Rem. & Bal. Code, § 1366, the real
property of a deceased person vests immediately in the heir,
subject only to an administration the purpose of which is to
pay the debts and define the interests of the distributees. The
failure to mention such property in a petition for letters of
administration can in no way affect the title; the right of the
heir is not defeated or even clouded. Nor is the petitioner
bound to yield any contention he may have as to title
or ownership as a condition precedent to the granting of
letters. An administrator is required to make a true inven-
tory of the estate (Rem. & Bal. Code, § 1450); and it is
also provided that, if the administrator shall neglect or
refuse to return an inventory, his letters may be revoked.
See Rem. & Bal. Code, § 1457. We have no doubt that the
court might, under these provisions, take some testimony as
to the character of the title to property claimed by some
interested party—not for the purpose of determining the
title; there is a way to do that by an appropriate inde-
pendent proceeding if there be a claim by a stranger, or upon
distribution if the claim be by one directly interested in the
estate, but for the purpose of fixing a bond. Upon the filing
of the inventory the court may:

"Determine *prima facie* the fact whether or not the prop-
erty belongs to the estate and is an asset thereof. This ad-
judication is not binding upon any person afterwards claim-
ing the property in another forum, but is for the purpose
only of determining whether the administrator shall be forced
to make an inventory thereof." *In re Belt's Estate*, 29 Wash.
535, 70 Pac. 74, 92 Am. St. 916.

It does not follow that a surviving spouse is to be denied
letters, being otherwise competent, because he claims cer-
tain property as his separate estate. His interests are not
necessarily antagonistic, as was declared by the lower court.

"The finding that the surviving husband was incompetent to serve as administrator for want of integrity was evidently based upon the fact that he claimed the whole estate as his own; and the question is, Was the finding justified? We do not think it was. There was nothing in the fact named which showed a want of integrity, or disqualification." *Estate of Carmody*, 88 Cal. 616, 26 Pac. 373.

The title to the homestead property is not deraigned, and we cannot tell whether the claim of the husband is well founded; but whether it be so or not, it would not be improper for the court to order the property to be inventoried as community property the title to which is disputed, and accept the husband's offer to cover the possible rents, issues and profits by the usual bond. If it transpires that the property is in fact community property, the estate will be protected. If the title is finally adjudged to be in the husband, the estate has lost nothing.

Reversed, and remanded with instructions to revoke the letters issued to Annie Buchser, and to issue letters to John Buchser, the surviving husband, and to proceed with the administration as indicated in this opinion.

CROW, C. J., GOSE, MOUNT, and PARKER, JJ., concur.


ON PETITION FOR REHEARING.
[Decided May 17, 1913.]

PER CURIAM.—After the filing of our opinion in this case, respondent filed a petition asking that our judgment be modified. We held that appellant was entitled, as a matter of right, to administer upon the estate of his deceased wife, and that such right could not be abridged or taken away upon the showing made before the lower court. We are now asked to modify our judgment so that it will be a judgment for costs only "for the reason that at the time judgment was rendered by this court in this cause, the question in dispute between appellant and respondent had been settled and the controversy between them had ceased." It is then shown

by affidavit, and by a certified copy of his waiver, that appellant had theretofore waived his right to administer in favor of respondent.

It is of no concern to this court who administers on the estate of Annie Buchser, deceased. We passed upon the question that was before us. If appellant desires to waive his right, he may do so, but his waiver must be made in the superior court. It was the duty of counsel to call our attention to the fact that the case had been settled, at the time it was settled. An order remanding the case would have been entered. Having imposed the burden of deciding the case upon this court, respondent may seek her rights under the waiver, if any she has, in the court below.

Petition denied.