[No. 33733. Department One. July 13, 1956.]

*In the Matter of the Estates of* HARRY MCGILL *et al.,*
*Deceased.*

THE STATE OF WASHINGTON, *on the Relation of Violet McGill,*
*Plaintiff,* v. THE SUPERIOR COURT FOR KITSAP COUNTY,
*H. G. Sutton, Judge, Respondent.*[1]

*Allen, DeGarmo & Leedy* and *Stuart G. Oles,* for relator.

*Greenwood & Shiers* and *Robert G. Presser,* for respondent.

MALLERY, J.—The relator is the surviving spouse of Harry McGill, who died March 2, 1956, leaving an estate in Kitsap county. Besides the relator, the decedent is survived by his daughter, by a former marriage, and her three children.

His last will, made prior to his last marriage, was declared void under RCW 11.12.050 [*cf.* Rem. Rev. Stat., § 1399], as it naturally did not mention the relator therein, and, accordingly, Walter Eddy's erroneous appointment as executor thereunder was set aside.

The relator originally asked that her brother-in-law be appointed administrator, but when it appeared that he would be in Alaska part of the time, she timely amended

[1]Reported in 299 P. (2d) 847.

her petition and sought her own appointment. The court denied it. The decedent's daughter and two of his business partners petitioned for Mr. Eddy's appointment as administrator. The court granted it, and relator brings the order here for review.

The court's action was based upon the finding that Eddy's long acquaintance with the businesses of the decedent and the petitioner's lack of experience and acquaintance with them, made him "better qualified from that standpoint."

Relator does not deny this, but contends that, under RCW 11.28.120 [cf. Rem. Rev. Stat., § 1431], she has an absolute right to act as administratrix. It provides, *inter alia*:

"Administration of the estate of the person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order:

"(1) The *surviving husband or wife, or such person as he or she may request to have appointed.*

"(2) The next of kin . . .

"(3) One or more of the principal creditors.

"(4) If the persons so entitled fail for more than forty days after the death of the intestate to present a petition for letters of administration, or if it appears to the satisfaction of the court that there are no relatives or next of kin . . . eligible to appointment, or they waive their right, and there are no principal creditor or creditors, or such creditor or creditors waive their right, then the court may appoint any suitable person to administer the estate." (Italics ours.)

█ Part of the decedent's estate consisted of several partnership interests in taverns, vending machine businesses, and the like, which he had not personally managed in his lifetime. The administratrix of the estate need not personally manage the enterprises belonging to it, nor is she required to be better fitted to do so than anyone else. The statute gives her the right to be appointed administratrix unless she is disqualified. RCW 11.36.010 [cf. Rem. Rev. Stat., § 1457, part] prescribes the disqualifications for administrators, and reads, in part, as follows:

"The following persons are not qualified to act as executors or administrators: Corporations, nonresidents of

this state, minors, persons of unsound mind, or who have been convicted of any felony or of a misdemeanor involving moral turpitude: . . . "

It is not contended that any of these disqualifications apply to the relator, nor is there anything in the record to indicate that she would do irreparable harm to the estate if appointed as administratrix.

The order is reversed.

DONWORTH, C. J., SCHWELLENBACH, HILL, and ROSELLINI, JJ., concur.