[No. 34007. Department Two. December 13, 1956.]

*In the Matter of the Estate of* REUBEN J. ODMAN, *Deceased.*

THE STATE OF WASHINGTON, *on the Relation of Mark Litchman, Jr., et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *George H. Revelle, Judge, Respondent.*[1]

*Jones & Gray,* for relator Marjorie Barbara Odman.

*Mark M. Litchman,* for relator Mark M. Litchman, Jr.

HILL, J.—*Quaere:* May the superior court refuse to appoint a surviving spouse as administrator of the community estate because (a) the surviving spouse, though mentally capable, labors under a serious physical handicap; (b) difficult problems will be presented in the determination of

[1] Reported in 304 P. (2d) 1044.

what is community and what is separate property; and (c) there exists a basis for controversy between the surviving spouse and a beneficiary under the will?

*Answer*: No.

*Facts Which Raise the Question*: Reuben J. Odman died leaving a will in which he appointed Mark Litchman, Jr., as executor. Marjorie Barbara Odman, the surviving spouse of Reuben J. Odman, deceased, applied to the court for appointment to administer upon the community property of the decedent.

At the hearing on her petition, it was established that she had suffered a stroke and could get about only in a wheel chair, and that she required the assistance customarily rendered to one so handicapped. She also had difficulty in speaking. The trial court found, however, that her physical condition in no way affected her mental capacity. It also found:

"The properties of the decedent, the surviving spouse and of their children are somehow or other entwined and there does exist a basis for controversy arising out of the decedent's and the surviving spouse's inability to resolve, during their lifetime, interests on behalf of decedent's separate estate versus his own community estate; a basis for controversy between the wife's separate estate versus her own community interest in the community estate; a basis for controversy between the decedent's separate interest which would be impelled, perhaps, by the beneficiary of his will; and controversy between the sons in their personal interest versus the decedent's separate interest, surviving spouse's separate interest and the community estate." Finding of fact No. 7.

The trial court's conclusion of law from the foregoing facts was that the surviving spouse was not qualified to administer the community estate, "due primarily to her physical condition and, secondarily, to the existence of the bases for controversy which exist in this situation."

The trial court entered an order confirming the appointment of Mark Litchman, Jr., as executor of the separate estate of the decedent; denying the petition of the surviving spouse for appointment as administratrix of the com-

munity property; and stating that a person or institution not connected with any of the parties would be appointed to administer the community property. Marjorie Barbara Odman seeks a review, by certiorari, of the trial court's refusal to appoint her as administratrix of the community property. Mark Litchman, Jr., seeks a review of its refusal to confirm his appointment as executor of the entire estate.

■ *Reason for the Answer Given*: Our statute (Laws of 1917, chapter 156, § 49, p. 654 (Rem. Rev. Stat., § 1419 [*cf*. RCW 11.28.030])), gives the surviving spouse the right to

". . . administer upon the community property, notwithstanding any provisions of the will to the contrary, if the court find such spouse to be otherwise qualified; . . ."

In *In re McGill's Estate* (1956), *ante* p. 242, 299 P. (2d) 847, we indicated that the right of the surviving spouse is absolute except when (1) such surviving spouse is disqualified on one of the statutory grounds, or (2) it is evident that he or she would do irreparable harm to the estate if appointed.

The statutory grounds for disqualification found in the Laws of 1917, chapter 156, § 87, p. 663 (Rem. Rev. Stat., § 1457 [*cf*. RCW 11.36.010]), are not applicable here. It is not contended that the surviving spouse is a corporation, a minor, a person of unsound mind, or a person who has been convicted of any felony or misdemeanor involving moral turpitude. It is urged that she is a nonresident, but the trial court has resolved that issue in her favor. There is no showing that she would do irreparable harm to the estate if appointed.

■ The trial court was probably quite right in its feeling that the surviving spouse was asking to assume too onerous a burden. Nevertheless, it is one she was entitled to assume if she so desired.

The courts have been, and quite properly so, loathe to disqualify a person who has a statutory right to administer an estate, or an executor named in a will, because of a physical

handicap. See *In re Holland's Estate* (1955), 139 N. Y. S. (2d) 63; *Robinson v. Robinson* (1940), 178 Md. 623, 16 A. (2d) 854; *Mobley v. Mobley* (1926), 149 Md. 401, 131 Atl. 770. As said in *Mobley v. Mobley, supra* (p. 411), where it was sought to deprive a paralytic brother of the decedent of a statutory right to administer the decedent's estate:

"If the brother was willing to assume whatever physical risks were incident to the administration, the orphans' court had no duty nor power to deny him his legal rights because the orphans' court may not have thought he was acting prudently.

"If, after his appointment, the administrator should fail in the performance of his duty as administrator, the orphans' court has ample power to remove him, and his bond gives full protection to the distributees and all other parties in interest."

■ The fact there is here "a basis for controversy" in the administration of the decedent's estate between the surviving spouse, the beneficiaries, and the sons of the decedent, affords no justification for refusing to accord the surviving spouse the right given her by the statute. See *Buchser v. Buchser* (1913), 72 Wash. 675, 131 Pac. 193, 132 Pac. 239. The existence of a basis for controversy in practically every estate may well be the reason for the right which the legislature has given to the surviving spouse.

*Disposition of the Case*: The trial court's determination that a third person or institution not connected with any of the parties be appointed as administrator of the community property, with the will annexed, is erroneous, and the court is directed to appoint Marjorie Barbara Odman as administratrix of the community property, with the will annexed. This in no way reflects upon the right of Mark Litchman, Jr., to proceed as executor under the last will and testament of Reuben J. Odman in so far as the separate property of the decedent is concerned.

Reversed in part, and remanded with directions to proceed in accordance with the views herein expressed.

DONWORTH, C. J., MALLERY, WEAVER, and ROSELLINI, JJ., concur.