[No. 34417. Department One. March 6, 1958.]

*In the Matter of the Estate of* REUBEN J. ODMAN, *Deceased.*

THE STATE OF WASHINGTON, *on the Relation of Mark Litchman, Jr., as Executor, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Hugh Todd, Judge, Respondent.*[1]

*Mark M. Litchman,* for relator.

*Jones & Grey,* for respondent.

HUNTER, J.—Reuben J. Odman died and left a will nominating Mark Litchman, Jr., as executor of his estate. The will was admitted to probate, and Litchman, Jr., was appointed executor of the separate property. Marjorie Barbara Odman, the surviving spouse of Reuben J. Odman, deceased, was ultimately appointed administratrix of the community property of the estate, resulting from a determination made by this court in the case of *In re Odman's Estate,* 49 Wn. (2d) 612, 304 P. (2d) 1044 (1956).

[1]Reported in 322 P. (2d) 354.

The administratrix, Marjorie Barbara Odman, has since died, leaving a will naming her son, William David Odman, as her executor, who petitioned the court to be appointed administrator *de bonis non* in the Reuben J. Odman estate to fill the vacancy created by his mother's death.

Mark Litchman, Jr., filed written objection to Odman's appointment, and at the same time filed his own petition for appointment as executor of the entire estate of Reuben J. Odman, deceased, there no longer being a surviving spouse to administer upon the community property.

The court entered an order overruling Litchman's objection, denying his petition, and granting Odman's petition to be appointed administrator *de bonis non* of the community property. Thereafter, Litchman filed in this court an application for a writ to review such order. His application was granted, and the matter is now before us upon the return to the writ.

The relator assigns as error: (1) the failure of the trial judge to appoint him (the nominee in the will) as executor of the entire estate; (2) the appointment of William David Odman as administrator *de bonis non* to administer upon the community estate of Reuben J. Odman, deceased.

The relator contends that the trial court acted contrary to RCW 11.28.060, RCW 11.28.290 and RCW 11.48.190; that this is an attempt to revive the abrogated common-law doctrine of executor inheritance.

Counsel for the respondent contends: (1) the probate court is vested with discretion in the selection of a successor to the surviving spouse, who must be an administrator *de bonis non* under RCW 11.28.280; (2) that if no discretion rests with the court under the administrator *de bonis non* statute, then one who qualifies as a member of the preferred class must be appointed as specified in RCW 11.28.120.

In the case of *State ex rel. Lauridsen v. Superior Court*, 179 Wash. 198, 37 P. (2d) 209, 95 A. L. R. 819 (1934), this court adopted the following rule, which is controlling in this case:

"We hold that, in the absence of fraud connected with the will or the estate, and in the absence of any statutory disqualification, the *right* of the *testator to appoint an executor of his will may not be superseded* by the court by appointing an administrator in his place." (Italics ours.)

Here fraud is absent. Mark Litchman, Jr., the executor named by the testator Reuben J. Odman in his will, was qualified to administer the entire estate subject only to the right of the surviving spouse to administer upon the community property. The surviving spouse exercised this right, which was given to her alone by statute. RCW 11.28-.030 provides in part:

"A surviving spouse shall be entitled to administer upon the community property, notwithstanding any provisions of the will to the contrary, if the court find such spouse to be otherwise qualified; . . ."

See, also, *In re Odman's Estate, supra.*

■ The surviving spouse is now deceased. The common-law doctrine that the executor of a deceased executor succeeds as executor of the will of the first testator (21 Am. Jur. 819, § 782), assuming it could be applied here, is not recognized in this state. RCW 11.28.060 provides in part:

"No executor of an executor shall, as such, be authorized to administer upon the estate of the first testator, . . ."

■ There no longer remains any limitation on the right of the testator, Reuben J. Odman, deceased, to have the executor of his own choosing, Mark Litchman, Jr., administer his entire estate. The trial court superseded this right in the appointment of William David Odman as administrator *de bonis non* of the community estate.

It follows from the above conclusions that the statutes relied upon to support the contentions of respondent's counsel do not apply here.

The trial court erred in failing to sustain the relator's objection to the petition of William David Odman, and in failing to grant the relator's petition for his appointment to administer the entire estate of Reuben J. Odman, deceased.

The order of the court is reversed, with direction to the trial court to proceed in compliance with the views expressed herein.

HILL, C. J., MALLERY, FINLEY, and WEAVER, JJ., concur.