[No. 35365.  *En Banc.*  October 6, 1960.]

SCHNEIDMILLER & FAIRES, INC., *Respondent*, v. ROBY FARR, as *Assessor, Appellant*, WHITMAN COUNTY *et al., Respondents*, THE STATE TAX COMMISSION, *Appellant*.[1]

[1]Reported in 355 P. (2d) 824.

*The Attorney General* and *John W. Riley, Deputy,* for appellants.

*Irwin & Friel,* for respondent Schneidmiller & Faires, Inc.

*D. L. McMannis,* for respondents Whitman County *et al.*

*F. L. Stotler,* for respondent Colvin.

*Felix & Abel* (*Jennings P. Felix,* of counsel), *amicus curiae.*

MALLERY, J.—This is an action seeking a refund of personal property taxes paid under protest and other relief.

The plaintiff Schneidmiller & Faires, Inc., hereinafter referred to as the taxpayer, owned an implement store in the town of Colfax. Prior to March 1, 1958, the taxpayer submitted to defendant Whitman county assessor, hereinafter referred to as the assessor, a list of taxable personal property as required by RCW 84.40.040 and 84.40.220. The purpose of such a list is to assist the assessor in determining the value of property subject to the personal property tax. In the list submitted, the taxpayer valued the inventory, fixtures, and equipment of its Colfax store at nine thousand dollars.

Subsequently, the assessor secured the services of an auditor from the State Tax Commission for the purpose of

auditing and making advisory valuations of real and personal property in Whitman county. The auditor recommended an assessment of $43,370 for the taxpayer.

Pursuant to RCW 84.40.320, the assessor submitted to defendant intervener Whitman county board of equalization, hereinafter referred to as the board, the routine detailed assessment sheets. For some reason not explained in the record, the assessment set opposite the name of the taxpayer on the assessment roll was $9,000, notwithstanding the assessor's separate "recommendation" to the board that the assessment be $43,370.

On July 14, 1958, the board met and revaluated the taxpayer's property at $22,310.

RCW 84.48.020 (3) provides that the board must give the taxpayer five days' notice before it can raise the valuation made by the assessor on personalty. Through some oversight, the required notice was not given to the taxpayer, and, hence, the July 14th increase in valuation from $9,000 to $22,310 was invalid.

On September 2, 1958, defendant intervener Tax Commission of the State of Washington, hereinafter referred to as the tax commission, pursuant to Laws of 1939, chapter 206, § 4 (5), p. 724 [cf. RCW 84.08.060], ordered the board to reconvene "for the purpose of legally completing the duties required" by law. It did so on September 9th and, having given proper notice to the taxpayer this time, proceeded in a legal manner to revaluate the taxpayer's property at $22,310.

On September 12, 1958, the assessor, in line with his recommendation of a valuation of $43,370, sent a letter to the tax commission protesting the board's valuation of $22,310. The tax commission treated this letter as an appeal from the action of the board and ordered a hearing, which was held on September 24th. At that time, after denying the taxpayer's challenge to its jurisdiction, the tax commission made an assessment of $33,040 on the property.

Whereupon, the taxpayer commenced this action and secured a judgment for injunctive relief, a declaratory

judgment that portions of Laws of 1939, chapter 206, p. 720, were unconstitutional, and a judgment for a refund of a portion of the taxes paid under protest. This was predicated upon the trial court's findings that the board's attempt on July 18th to raise the taxpayer's valuation was invalid because notice had not been given to the taxpayer; that the board having once adjourned could not thereafter alter any assessment because any reconvening for the purpose of reassessment violated Art. XI, § 12, of the state constitution; that the protest of the assessor was not an appeal; that the valuation appearing on the books when first submitted to the board was the official valuation; and that Laws of 1939, chapter 206, §§ 4(3, 5), 5(2), 35(4), and 36, pp. 723, 726, 758, and 759, were unconstitutional.

The assessor and the tax commission have appealed.

■ We agree with the trial court that the board's first attempt to raise the official assessment of $9,000 to $22,310 was void for want of proper notice. This brings us to the question of whether or not the tax commission can order the board to reconvene. Its power to do so is found in Laws of 1939, chapter 206, § 4(5), p. 724, *supra,* which provides, *inter alia:*

" . . . The Tax Commission may require any such board of equalization to reconvene after its adjournment for the purpose of performing any order or requirement made by the Tax Commission and may make such orders as it shall determine to be just and necessary. The commission may require any county board of equalization to reconvene at any time for the purpose of performing or completing any duty or taking any action it might lawfully have performed or taken at any of its previous regular July, November or April meetings. . . . "

It is contended that this provision violates Art. XI, § 12, of the state constitution, which provides:

"The legislature shall have no power to impose taxes upon counties, cities, towns or other municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may, by general laws, vest in the corporate authorities thereof, the power to assess and collect taxes for such purposes."

In *State ex rel. State Tax Commission v. Redd,* 166 Wash. 132, 6 P. (2d) 619, we held that the constitution prohibited the legislature from authorizing the *State Tax Commission* to revalue or to reassess local property for purposes of local taxation. In *State ex rel. Yakima Amusement Co. v. Yakima County,* 192 Wash. 179, 73 P. (2d) 759, we held that the State Tax Commission could not reconvene the county board of equalization so that *it* could revalue local property. In so holding, we declared that the Laws of 1931, chapter 15, § 1(5), p. 57, a statute identical in all important details with Laws of 1939, chapter 206, § 4(5), p. 724, *supra,* was unconstitutional. This was put upon the theory that there is no distinction between the State Tax Commission reassessing local property and the State Tax Commission ordering the county board of equalization to reconvene so that it could do so.

The dissent in *State ex rel. Yakima Amusement Co. v. Yakima County, supra,* said [p. 188]:

"This decision seriously impairs the taxing power of the state in that it destroys the effectiveness of chapter 15, Laws of 1931, p. 55 (Rem. Rev. Stat., § 11091 [P. C. § 6874-5]), an act wholly designed to coordinate state and county taxing agencies for the purpose of bringing about equality and uniformity in taxation, not only between individuals, but between the various counties. Whatever may be said of the act in certain particulars, as applied to the facts of the present case it does not offend the constitutional inhibition against the levy of taxes by the state for local purposes, even as that clause has been applied in *State ex rel. State Tax Commission v. Redd,* 166 Wash. 132, 6 P. (2d) 619.

"For here there is no attempt by the tax commission to fix the valuation of relators' property. It has only (and that at the request of the county agency) authorized the board of equalization to reconvene to consider the advisability of raising the valuation of relators' property, which the board attempted to do at its regular session but failed because of insufficient notice to relators. Surely, no one would challenge the power of the legislature to directly authorize boards of equalization to reconvene and do that which they have the power to do in regular session. Making the right to reconvene contingent upon consent of the

tax commission, to my mind, affords no ground for holding that, in giving its consent, the tax commission does thereby 'impose taxes' upon a county 'for . . . county purposes.' "

■ We have re-examined the holding in that case and believe that the dissent expresses the sounder reasoning. Accordingly, the majority opinion is overruled. To this we now add that the mere regulation by the tax commission of local boards of equalization in ministerial matters, which does not reduce the board to a rubber stamp by dictating the detailed results of the board's action, does not violate the spirit of the "home rule" provision of the constitution and does not constitute taxation of local property for local purposes.

Accordingly, we hold that the board's hearing on September 9th and its reassessment of the taxpayer's property at $22,310 were valid.

■ This brings us to a consideration of the "appeal" taken by the assessor to the tax commission and its subsequent reassessment of the property at $33,040. This "appeal" took the form of an ordinary business letter from the assessor to the tax commission in which he stated that he was "protesting the action of the Whitman County Board of Equalization on the following" twenty taxpayers, including respondent taxpayer.

The appeal statute, Laws of 1939, chapter 206, § 6, p. 730 [*cf.* RCW 84.08.130], provides, *inter alia:*

"Any taxpayer or taxing unit feeling aggrieved by the action of any county or township board of equalization may appeal to the Tax Commission by filing with the County Auditor a notice of appeal in duplicate within ten days after the action of such Board of Equalization, which notice shall specify the actions complained of, and said Auditor shall forthwith transmit one of said notices to the Tax Commission; and *in like manner* any County Assessor may appeal to the commission from any action of any county or township board of equalization. . . . " (Italics ours.)

We hold that the informal letter written by the assessor to the tax commission does not satisfy the requirements of the statute. It follows that the appeal was not properly

taken and, hence, all subsequent actions taken by the tax commission were invalid. The official valuation of the taxpayer's property, therefore, remains at $22,310.

The cause is remanded to the trial court with directions to modify the judgment in accord with this opinion. Neither party shall recover costs.

WEAVER, C. J.. FINLEY, ROSELLINI, and HUNTER, JJ., concur.

HILL, J. (concurring specially)—I concur in the result. I am not particularly concerned with whether the assessor's letter, after the September 9th reassessment by the Board of Equalization, constituted an appeal to the State Tax Commission. The basic proposition is that the tax commission's action in increasing the assessment to $33,040 was an unconstitutional usurpation. See Art. XI, § 12, of the state constitution, quoted in the majority opinion, and *State ex rel. Tax Commission v. Redd* (1922), 166 Wash. 132, 6 P. (2d) 619.

DONWORTH, OTT, and FOSTER, JJ., concur with HILL, J.