[No. 47701–9.   En Banc.   February 25, 1982.]

UNITED PACIFIC INSURANCE COMPANY, *Respondent,* v.
GUARANTY NATIONAL INSURANCE COMPANY, ET AL,
*Respondents,* CONFEDERATED TRIBES &
BANDS OF THE YAKIMA INDIAN
NATION, *Petitioner.*

*James B. Hovis* (of *Hovis, Cockrill & Roy*), for petitioner.

*Walter G. Meyer* and *Bryan G. Evenson* (of *Halverson, Applegate & McDonald, Inc., P.S.*), for respondent Guaranty National Insurance Co.

*Warren L. Dewar, Jr.* (of *Velikanje, Moore & Shore, Inc., P.S.*), for respondents Jones.

STAFFORD, J.—This case presents the question of whether the Court of Appeals erred in its interpretation of a passenger exclusionary clause contained in an insurance policy and in its decision not to rule on the question of the Yakima Indian Nation's (Nation) immunity from suit. For the following reasons, we hold that in the posture of the instant suit the issue pertaining to the insurance clause is moot and we stay its resolution for a later action. We also stay resolution of the tribal immunity issue for a subsequent proceeding.

The procedural backdrop is important to our decision. Thus, we set forth at length the somewhat complex and confusing pleadings and procedures involved in the case.

Plaintiff/respondent Kenneth Jones was a passenger in an automobile owned by petitioner, the Confederated Tribes and Bands of the Yakima Indian Nation (Tribe) and driven by its employee Leonard Rabanal in the course of his employment. Jones was injured in a single car accident on a county road outside the Yakima Tribe reservation.

Jones submitted a claim for his injuries to the Tribe's automobile insurer, respondent Guaranty National Insurance Company (Guaranty). Guaranty rejected the claim on the basis of a "Passenger Hazard Excluded—Commercial" clause in the Tribe's automobile policy. Thereafter, Jones submitted a claim to his own insurer, respondent United Pacific Insurance Company (United), seeking recovery

under the uninsured motorist provision of his automobile policy.

Subsequently, United brought this action seeking declaratory relief against Guaranty, Jones (its own insured) and Rabanal (the Tribe's employee and driver of the vehicle) to determine which insurance policy covered Jones' injury. Guaranty moved successfully to force United to join the Tribe as an indispensable party in the declaratory action. Jones answered United's claim for declaratory relief and counterclaimed for relief under the uninsured motorist provision of his United policy. The Tribe answered United's claim for declaratory relief asserting the trial court lacked jurisdiction over the Indian Nation and counterclaimed for attorneys' fees. In the United action an order of default was entered against Rabanal.

Jones moved successfully for a summary judgment against United, his own insurer. The trial court found, among other things, that Jones was insured by United under its uninsured motorist endorsement; that Jones had been a passenger in a vehicle owned by the Tribe and driven by Rabanal in the course of his employment; that Jones suffered injuries and damages caused by an accident arising out of the use of the said automobile; that the vehicle was insured by a policy of insurance issued to the Tribe by Guaranty; that Guaranty had denied coverage to Jones; and that regardless of the propriety of Guaranty's denial of Jones' recovery, he was entitled to the benefits and protection of United's uninsured motorist endorsement. On April 4, 1979, the trial court ordered that in light of Guaranty's denial of coverage, Jones was entitled to have United proceed to make "a determination of [Jones'] damages either by agreement or, if they fail to agree, by arbitration, pursuant to the terms of the uninsured motorist endorsement of [United's] policy . . ."

In a similar vein United sought a summary judgment against Guaranty and the Tribe, and Guaranty sought a summary judgment against United. Guaranty's motion was denied and United's motion was granted. In rendering the

142

summary judgment the trial court found, among other things: that United, Guaranty, Jones and the Tribe had appeared by and through their attorneys and Rabanal had defaulted; that Guaranty had insured the Tribe and its employees in the operation of the Tribe's automobile; that Rabanal, the Tribe's employee, was operating said vehicle in the scope of his employment; that the vehicle was involved in a single car accident outside the geographic boundaries of the Tribe's reservation; that Jones, a non-paying passenger in said automobile, suffered personal injuries as a result of said accident; that Jones is making a separate claim against the Tribe and Rabanal arising from said accident; that Guaranty has a duty, under its insurance policy, to defend and indemnify the Tribe and Rabanal pursuant to the terms of Guaranty's policy; that the Tribe is a duly constituted Indian Nation recognized by treaty and as such possesses "common law" and/or "sovereign" immunity barring the court's jurisdiction over them; and, that the court has jurisdiction over Rabanal and the subject matter of this action.

Based on the foregoing findings of fact the trial court entered a summary judgment on June 28, 1979, and ordered, among other things: that pursuant to the terms of its policy, Guaranty has a duty to defend and indemnify the Tribe and Rabanal from "any and all claims, demands, and causes of action arising from that certain accident . . . involving . . . a[n] automobile owned by the [Tribe] and being operated by . . . [Rabanal] in which [Jones] was a passenger . . ."

United sought review of the prior summary judgment in favor of Jones, assigning as error the trial court's determination that Jones was entitled to benefits under United's uninsured motorist endorsements. After submitting briefs, but before oral argument, United and Jones reached a settlement and compromise of their case and at their joint request the Court of Appeals dismissed the action between United and Jones.

Guaranty sought review of the June 28, 1979, summary

judgment in favor of United, assigning as error the trial court's determination that Guaranty was obligated to provide coverage for the Tribe and Rabanal for liability for such personal injury as was sustained by Jones. It should be noted that although Guaranty had initially forced United to join the Tribe in the declaratory judgment action, Guaranty did not assign as error the trial court's dismissal of the Tribe from the suit based on "common law" or "sovereign" immunity.

United filed a brief in answer to Guaranty in which it failed to mention the trial court's dismissal of the Tribe. Thereafter, the Court of Appeals granted United's motion to file a supplemental brief, for the sole purpose of assigning error to the trial court's dismissal of the Tribe from the suit. The Tribe answered and United filed a reply brief but Guaranty remained mute as did Jones.

Thus, on appeal, the only party to challenge the dismissal of the Tribe was United.

At the time of the initial appeal to the Court of Appeals it should be noted that Jones had filed a separate action for damages against Rabanal (deemed by the trial court to be insured by Guaranty under the Tribe's policy). Since that time, Jones has joined the Tribe as a defendant in that action.

At the time of oral argument Guaranty and United informed the Court of Appeals that the issues between them had been resolved. Unfortunately a faulty tape recorder prevented the court from obtaining the specific representations. Consequently, before completing the written opinion, the court asked United, Guaranty, Jones and the Tribe to resubmit their representations in writing. Jones replied by acknowledging that all issues between Jones and United had been resolved and the claim dismissed. United and Guaranty agreed they had reached a settlement. Nevertheless, they requested a determination on whether the trial court erred in ruling Guaranty's "Passenger Hazard Excluded—Commercial" exclusion was ambiguous. United stated that Jones' position was consis-

tent with that of United and that he had a suit pending against Rabanal and the Tribe (both having been held to be covered under the Guaranty policy).[1] In addition both United and Guaranty noted the issue of state court jurisdiction over the Tribe remained pending. In answering the Court of Appeals letter, the Tribe's letter acknowledged the United–Guaranty settlement and asserted that it rendered the issue of jurisdiction over the Tribe a nonjusticiable appeal since the United–Guaranty settlement left no one in the position of having appealed the trial court's order denying jurisdiction over the Tribe.

The Court of Appeals rendered its opinion in *United Pac. Ins. Co. v. Guaranty Nat'l Ins. Co.,* 28 Wn. App. 315, 622 P.2d 1304 (1981). In so doing, it declined to decide the issue of tribal immunity, holding it was not directly before the court in the declaratory judgment action and would be decided in the later personal injury action between Jones and the defendants Rabanal and Tribe. The court also indicated it was inclined to hold moot the issue between United and Guaranty including the interpretation of the exclusionary clause since, prior to oral argument, both parties had acknowledged the issues between them had been resolved. Nevertheless, the court acceded to the wishes of United and Guaranty to resolve these issues because Jones' separate pending action would ultimately require appellate determination.[2]

In rendering its opinion, the Court of Appeals held the word "commercial" used in the title of the "Passenger Hazard Exclusion" merely indicated the type of policy to which the endorsement should be appended rather than limiting the endorsement to commercial passengers. Therefore, the court ruled, the exclusion operated to exclude coverage under the Tribe's policy for Jones' injury. In ruling that the

---

[1]It should be noted that Jones' action against Rabanal and the Tribe is separate and distinct from the instant case, Jones having appealed the trial court's order denying jurisdiction of the Tribe.

[2]See footnote 1, *supra.*

Tribe was not insured under the policy, the court deemed it unnecessary to reach the question of whether Guaranty was entitled to claim the defenses of the Tribe, *i.e.,* "common law" or "sovereign" immunity.[3]

We disagree with the approach employed by the Court of Appeals. Without first resolving the threshold question of whether the state court had jurisdiction over the Tribe, the Court of Appeals held the Tribe's policy with Guaranty did not provide it with coverage for passengers such as Jones. If the court lacked jurisdiction over the Tribe, however, the issue of coverage could not be reached.

Under the peculiar and complex nature of the issues before us the better approach would have been to first realign the parties and issues as they existed at the time of oral argument before the Court of Appeals. At that time the principal parties, by means of negotiated settlement, had realigned themselves as well as the issues that originally were the subject of the declaratory judgment action. *United and Jones had settled all issues between themselves and Jones was dismissed from the cause.* The pleadings reveal no other party having an existing controversy with Jones at the time of his dismissal from the declaratory judgment action. Further, *United and Guaranty had settled all issues between them* thus eliminating all issues between the two in the initial declaratory judgment action.

This "negotiated" realignment of the principal parties and the issues had the practical effect of removing from the declaratory action, and the resultant judgment, three of the principal parties and the interplay of issues among them. Pursuant to this realignment only the Tribe, Guaranty, and Rabanal (by default) and possibly United (indirectly)

---

[3]The Court of Appeals held in footnote 5 of *United Pac. Ins. Co. v. Guaranty Nat'l Ins. Co.,* 28 Wn. App. 315, 319, 622 P.2d 1304 (1981): "Since the issue of jurisdiction over the Indian Nation is not directly before us in this action for declaratory judgment between the two insurance companies, we do not decide that issue. That issue must be determined in the action by the Joneses against Mr. Rabanal and the Indian Nation."

remained as parties to this action. Further, the only issues left for determination were: (a) the proper determination of the "Passenger Hazard Exclusion—Commercial" clause (as between the Tribe and Guaranty); and (b) the issue of tribal immunity (as between the Tribe and Guaranty and possibly United (indirectly)).

Normally, these matters would be proper for determination by means of declaratory judgment. *See* 6A J. Moore, *Federal Practice,* Declaratory Judgments § 57.12, at 110–11 (1979). In this case, however, the realignment of parties and issues renders a declaratory judgment inappropriate. *See* Moore, *supra,* § 57.13, at 125–28, § 57.25, at 254–55; 1 W. Anderson, *Declaratory Judgments* § 68, at 135–36, § 484, at 1141–44 (1951). The trial court found that Jones (who is no longer a party to this suit) filed a separate tort action against the Tribe and Rabanal. It would be more appropriate to have the issues resolved in Jones' action wherein all proper parties will be before the court. Such a move will not only conserve judicial time but, more importantly, will provide for a more just adjudication of the controversy as *all* affected parties will be present.

This is particularly true of the tribal jurisdiction issue which clearly impacts not only Rabanal, the Tribe and possibly United, but Jones as well. Arguably there also may be an impact on Guaranty. Such an issue should not be resolved piecemeal in two actions, one of which currently involves less than all proper parties.

This is also true of the resolution of the "Passenger Hazard Exclusion—Commercial" issue. The negotiated settlement between Guaranty and United rendered moot any decision concerning the issues raised in the initial declaratory judgment action. The Court of Appeals was correct when it observed that the issue of contract coverage was moot. It should not thereafter have yielded to the request of Guaranty and United for an advisory opinion. The opinion rendered does not fall within the scope of the exception permitting advisory opinions in cases of great public importance. *See DeFunis v. Odegaard,* 84 Wn.2d 617, 529

P.2d 438 (1974); *Sorenson v. Bellingham,* 80 Wn.2d 547, 496 P.2d 512 (1972); *State ex rel. Yakima Amusement Co. v. Yakima Cy.,* 192 Wash. 179, 73 P.2d 759 (1937). Rather, the volunteered opinion could have an unnecessary, although indirect, impact on the separate action brought by Jones against Rabanal and the Tribe.

Consequently, to preserve the rights of the remaining parties to the instant case as well as those of the parties to the action between Jones, Rabanal and the Tribe, we hold: The Court of Appeals decision interpreting the exclusionary clause is stricken on the basis of mootness.[4] The declaratory judgment of the trial court as it now reflects the realigned parties and issues is stayed and the issues remaining, including the issue of tribal jurisdiction and interpretation of the insurance contract clause, are consolidated for resolution in the action filed by Jones against Rabanal and the Tribe.

BRACHTENBACH, C.J., and ROSELLINI, UTTER, DOLLIVER, WILLIAMS, and DIMMICK, JJ., concur.

DORE, J., concurs in the result.

---

[4]We need not decide whether the Court of Appeals properly avoided the question of the Tribe's immunity from suit. *United Pac. Ins. Co. v. Guaranty Nat'l Ins. Co.,* 28 Wn. App. 315, 319, 622 P.2d 1304 (1981).