YU, J. (concurring)
¶ 32 I agree with the majority that we should address the merits of this moot case, that a suspended manifest injustice disposition is ripe for review at the time it is imposed, that the required evidentiary standard is clear and convincing evidence, and that the evidence clearly and convincingly supported a manifest injustice disposition in this case. However, I cannot agree with the majority's broad and unnecessary assertion that a juvenile facing a manifest injustice disposition has "no constitutionally protectable liberty interest" at stake. Majority at 1187-88. I therefore respectfully concur.
¶ 33 Determining the required evidentiary standard for imposing a manifest injustice disposition should be a simple task. By statute, a "court's finding of manifest injustice shall be supported by clear and convincing evidence." RCW 13.40.160(2). Likewise, appellate courts must determine on review whether a trial court's "reasons clearly and convincingly support the conclusion that a disposition within the [standard] range would constitute a manifest injustice." RCW 13.40.230(2)(a). "Clear and convincing evidence" "is a quantum of proof that is more than a preponderance of the evidence, but less than what is needed to establish proof beyond a reasonable doubt."
*1189 In re Estate of Barnes, 185 Wash.2d 1, 10 n.5, 367 P.3d 580 (2016) (quoting Bland v. Mentor, 63 Wash.2d 150, 154, 385 P.2d 727 (1963) ). The statutory language thus could not be clearer: a manifest injustice disposition must be supported by clear and convincing evidence, not by proof beyond a reasonable doubt.
¶ 34 Nevertheless, State v. Rhodes held that "in order to stand on review, the standard range for this offense and this defendant must present, beyond a reasonable doubt, a clear danger to society." 92 Wash.2d 755, 760, 600 P.2d 1264 (1979) (emphasis added). Rhodes took the view that in the juvenile context (based on a questionable analogy to the civil commitment context), "clear and convincing" and "beyond a reasonable doubt" actually mean the same thing. Id. The "legal underpinnings" of Rhodes 's view have "disappeared," and it should now be disavowed.[1] W.G. Clark Constr. Co. v. Pac. Nw. Reg'l Council of Carpenters, 180 Wash.2d 54, 66, 322 P.3d 1207 (2014).
¶ 35 Rhodes equated "clear and convincing" with "beyond a reasonable doubt" based on In re Levias, 83 Wash.2d 253, 517 P.2d 588 (1973), and State v. McCarter, 91 Wash.2d 249, 588 P.2d 745 (1978). Those cases held that due process requires proof beyond a reasonable doubt in civil commitment proceedings and therefore assumed that when the legislature requires proof by clear, cogent, and convincing evidence for civil commitment, it actually intends to require proof beyond a reasonable doubt. McCarter, 91 Wash.2d at 257, 588 P.2d 745 ; Levias, 83 Wash.2d at 256 & n.2, 517 P.2d 588. Again, the analogy between juvenile disposition proceedings and civil commitment proceedings is questionable, but in any event, Levias and McCarter have been definitively overruled. Dunner v. McLaughlin, 100 Wash.2d 832, 843, 676 P.2d 444 (1984). Both the federal and state constitutions require only "proof by clear, cogent and convincing evidence," not proof beyond a reasonable doubt. Id. (citing Addington v. Texas, 441 U.S. 418, 99 S. Ct. 1804, 60 L.Ed.2d 323 (1979) ).
¶ 36 Rhodes thus based its holding on legal foundations that no longer exist. I would disavow Rhodes and "assume that the legislature meant precisely what it said and apply the statute as written." State v. Roggenkamp, 153 Wash.2d 614, 625, 106 P.3d 196 (2005). The statutes as written require proof by clear and convincing evidence, which, as the trial court correctly noted, is "just below beyond a reasonable doubt."[2] 2 Verbatim Report of Proceedings (Jan. 25, 2017) at 353.
¶ 37 I respectfully concur.
González, J. (dissenting)
¶ 38 T.J.S.-M. challenges his suspended manifest injustice disposition. During the pendency of this appeal, T.J.S.-M. violated his special sex offender disposition alternative (SSODA) conditions. Consequently, his SSODA and suspended disposition were revoked, rendering this case moot. Because the majority bypasses the issue of mootness and unnecessarily analyzes In re Winship,[1] I respectfully dissent.
¶ 39 "A case is moot if a court can no longer provide effective relief."
*1190 Orwick v. City of Seattle, 103 Wash.2d 249, 253, 692 P.2d 793 (1984) (citing State v. Turner, 98 Wash.2d 731, 733, 658 P.2d 658 (1983) ). "It is a general rule that, where only moot questions or abstract propositions are involved, ... the appeal ... should be dismissed." Sorenson v. City of Bellingham, 80 Wash.2d 547, 558, 496 P.2d 512 (1972). A recognized exception to this general rule lies within the court's discretion when "matters of continuing and substantial public interest are involved." Id. (citing State ex rel. Yakima Amusement Co. v. Yakima County, 192 Wash. 179, 73 P.2d 759 (1937), overruled on other grounds by Schneidmiller & Faires v. Farr, 56 Wash.2d 891, 355 P.2d 824 (1960) ). Both parties concede this case is moot because T.J.S.-M. served his sentence and we cannot provide relief for him on appeal. At oral argument, T.J.S.-M.'s counsel stated that he does not see any potential consequences because this case "was just an appeal of his sentence, it wasn't an appeal of the sufficiency of evidence," and because "[T.J.S.-M.] was subsequently revoked based on a subsequent ... adult sex offense." Wash. Supreme Court oral argument, State v. T.J.S.-M., No. 96434-3 (Mar. 14, 2019), at 1 min., 15 sec. through 2 min., 17 sec., video recording by TVW, Washington State's Public Affairs Network, http://www.tvw.org/watch/?eventID=2019031096.
¶ 40 A manifest injustice sentence is analogous to an exceptional sentence and thus involves many of the same constitutional concerns as Apprendi and Blakely . Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000) ; Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004). Both of these United States Supreme Court cases held that other than the fact of a prior conviction, any fact that increases penalty for crime beyond the prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt. Apprendi, 530 U.S. at 477, 120 S.Ct. 2348 ; see also Blakely, 542 U.S. at 301, 124 S.Ct. 2531. The majority appropriately declines to address whether Apprendi and Blakely apply in the juvenile sentencing context because T.J.S.-M. did not present sufficient argument on the issue. Majority at 1188 n.3. Had T.J.S.-M. properly presented the argument, it may well be that we would conclude Apprendi and Blakely require proof beyond a reasonable doubt in the juvenile sentencing context. But without that discussion, this case does not concern a matter of continuing and substantial public interest. Thus, we should decline to consider whether due process was offended when the trial court applied the clear and convincing standard.
¶ 41 The majority analyzes the clear and convincing standard in terms of In re Winship, 397 U.S. 358, 362, 90 S. Ct. 1068, 25 L.Ed.2d 368 (1970). In Winship, the United States Supreme Court held the preponderance of the evidence standard was insufficient to convict a juvenile of a crime, reasoning that " '[g]uilt in a criminal case must be proved beyond a reasonable doubt' " as those rules were " 'developed to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property.' " 397 U.S. at 362, 90 S.Ct. 1068 (alteration in original) (quoting Brinegar v. United States , 338 U.S. 160, 174, 69 S. Ct. 1302, 93 L.Ed. 1879 (1949) ); see also State v. Watkins, 191 Wash.2d 530, 537, 423 P.3d 830 (2018) ("Juveniles charged with crimes have a right to procedural due process." (citing In re Gault, 387 U.S. 1, 30-31, 87 S. Ct. 1428, 18 L.Ed.2d 527 (1967) )). The majority's only purpose is to arrive at the same standard of proof currently in place, clear and convincing evidence. While I recognize the majority does not unsettle the standard of proof applied in this context, I fear its analysis will cause confusion because it considers some, but not all, subsequent applications of Winship . See, e.g., majority at 1186-87 (discussing Winship 's application in the civil commitment context (citing In re Levias, 83 Wash.2d 253, 254-255, 517 P.2d 588 (1973), overruled by Dunner v. McLaughlin , 100 Wash.2d 832, 676 P.2d 444 (1984) )).
¶ 42 This is particularly true because Apprendi stems from Winship. 530 U.S. at 484, 120 S.Ct. 2348 ("As we made clear in *1191 Winship, the 'reasonable doubt' requirement 'has [a] vital role in our criminal procedure for cogent reasons.' " (alteration in original) (quoting Winship, 397 U.S. at 363, 90 S.Ct. 1068 )). While in a future case we should address the appropriate standard of proof in the juvenile context, a discussion of Winship in this case will be misleading and not useful for future cases.
¶ 43 I respectfully dissent.
Gordon McCIoud, J.

State v. Baldwin, 150 Wash.2d 448, 459, 78 P.3d 1005 (2003), overruled Rhodes only on the specific issue of whether "juvenile dispositional standards were subject to due process protections against arbitrary enforcement, such as vagueness challenges." Baldwin did not hold that a juvenile facing a manifest injustice disposition has no constitutionally protected liberty interest at stake. Contra majority at 1187-88. To the contrary, in this case, T.J.S.-M.'s manifest injustice disposition included a total deprivation of physical liberty in the form of a 36-week commitment to the Juvenile Rehabilitation Administration. Clerk's Papers at 83. Physical liberty is a constitutionally protected interest pursuant to the due process clause itself. See In re Gault, 387 U.S. 1, 41, 87 S. Ct. 1428, 18 L.Ed.2d 527 (1967). It does not need to be "created" by statute. Majority at 1187-88.

To the extent that T.J.S.-M. contends the statutory "clear and convincing" standard is unconstitutional in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), I agree that this issue was not sufficiently argued. Majority at 1188 n.3.

397 U.S. 358, 362, 90 S. Ct. 1068, 25 L.Ed.2d 368 (1970).